CHARLES F. KENDALL

v.

CHARLES F. YOUNG.

*Sales—Invoice—Evidence of Cost—Rescission—Instruction.*

1. A contract for the sale of a stock of goods, " to be invoiced at cost and as agreed upon," does not justify a rescission because of the failure of the vendor to produce the original bills of certain of the goods on demand.

2. In the case presented, an instruction to the effect that it was the duty of the vendor on the request of the vendee to furnish such evidence of cost as merchants in the same line of business usually have, was erroneous.

[Opinion filed August 8, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

This suit was brought by Young against Kendall to recover $1,000 paid the latter on a contract in writing, dated November 15, 1885, by the terms of which appellant was to sell to appellee a stock of goods and fixtures then in a store at Topeka, Kansas, and in the words of the contract the same "to be invoiced at cost and as agreed upon (see estimate on show cases, stools, safe, stove, mirrors, viz., $747.09)," for which appellee was to pay partly in cash and the balance in lands in Michigan. The parties began to invoice the stock shortly after the contract was executed. When the invoice had been partly made, based on the marks on the goods, a dispute arose as to the cost price of certain cotton bats upon which there were no marks. Kendall said the cost price was $13\frac{1}{2}$ cents per pound. Young testified that he demanded the original invoices and Kendall refused to produce them, saying there would be a great deal of trouble if he had to hunt through a bushel basket of papers, and that they might as well make a stand there; that he (Young) would have to take them at that; that thereupon he (Young) told him that until the bill was presented to him, he would not go any further with the invoice, and he then quit; that he told Kendall he would not go on until he was satisfied that the bats cost $13\frac{1}{2}$ cents.

Kendall testified that he told Young he had destroyed all his bills; that when he came to the bats he called off a number of pounds at $13\frac{1}{2}$ cents; that Young said they did not cost $13\frac{1}{2}$ cents, and asked if he (Kendall) had the bills; that he told him he had his previous September invoice, and when that was shown to Young he said, "that's all right; I'm done," and walked out of the store.

The fourth instruction given by the court on behalf of plaintiff was as follows:

"4.   The court further instructs the jury that under the written contract in evidence in this cause the plaintiff was not bound to accept as final the statement of the defendant as to the cost of the merchandise mentioned in the contract in evidence, but it was the duty of the defendant, on the request of the plaintiff, to furnish him with such evidence as merchants in the line of business of the defendant usually have of the cost

of the merchandise as would be reasonable under the circum-stances, as shown by the evidence in this case, unless you believe from the evidence in this case that the plaintiff and defendant agreed that some method specified should be pur-sued in ascertaining the cost, and if such a method was agreed upon, then that method was to be followed."

To which the defendant excepted. Verdict for plaintiff for $1,149.49. Motion for new trial by defendant. Motion over-ruled and exception by defendant. Judgment on verdict. Defendant appeals, and assigns as error the giving of said fourth instruction.

Mr. E. A. OTIS, for appellant.

Messrs. ABBOTT & BAKER, for appellee.

GARNETT, J. The contract between appellant and appellee provided no method of ascertaining the cost of any part of the stock of goods. The phrase, " and as agreed upon," clearly refers to the estimate of $747.09 for show cases, etc., and noth-ing else. The appellee denies that any verbal agreement was made as to the manner of ascertaining the cost. When the dispute arose between them as to the cost of the cotton bats, Young insisted that he would go no further unless the original bills were produced, and as they were not produced he at once left the store, saying he was done. He could not arbitrarily rescind the contract. The failure to specify in the agreement any particular mode of fixing upon the cost, did not warrant him in saying he would have the bills or abandon the trade. If he was entitled to any evidence of cost, certainly he could not demand that which was not in the power of Kendall to furnish. There was an implied undertaking on Kendall's part to produce such evidence in his power as is usual between mer-chants in ascertaining the cost price of a stock of goods, and such as he could produce without unreasonable labor or delay, and his refusal to produce the same as to any substantial part of the goods, on request of Young, would have amounted to a breach of the contract on his part; but Young had no right to elect the character of evidence that would satisfy him and

refuse to proceed unless it was presented. If he wanted the benefit of a condition like that he should have had it inserted in the contract. He was a man of large experience in handling the goods he proposed to purchase, and may have intended to rely on his experience to save him from any overreaching in fixing the cost price. Whatever inference may be drawn from his failure to require such a stipulation, it is plain that the contract did not save to him the privilege of rescinding unless the original bills were produced. That he demanded, and that alone, he gave Kendall to understand, would satisfy him. He did not even request the production of any other evidence. The fourth instruction given by the plaintiff correctly told the jury that the plaintiff was not bound to accept as final the statement of the defendant as to the cost of the merchandise, but it erroneously told them that it was the duty of the defendant, on the request of the plaintiff, to furnish him with such evidence as merchants in the line of business of the defendant usually have of the cost of merchandise, or to furnish such other evidence of the cost as would be reasonable under the circumstances, as shown by the evidence, unless they believed that some method specified had been agreed on.

There was no proof to show what evidence such merchants usually have of cost prices, or what evidence of cost would have been reasonable under the circumstances.

The instruction was erroneous and the judgment of the court below is, for that reason, reversed and remanded.

*Reversed and remanded.*