WILLIAM J. GREGG

*v.*

JOHN CRABTREE.

| 33 273 |
| 143 344 |

| 33 273 |
| 102a 1664 |

1. TAXING COSTS — *duty of the clerk.* The law has imposed upon the clerk the duty of taxing the costs in all cases in court, and in so doing he must be governed by the statute. He must pass upon the legality of the various items charged, as well for the services of the sheriff and other officers as of himself. He will not be warranted in allowing more than the statute has fixed, nor for charges not returned in pursuance of the requirements of the statute.

2. SHERIFF'S FEES — *not taxable unless set down in his return.* The clerk is not authorized to tax, as sheriff's fees, a sum claimed as mileage in the service of process, unless the distance traveled is specified in his return.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

William J. Gregg, clerk of the court below, issued a fee-bill for costs which had accrued in a certain cause in that court, against John Crabtree. Among others, the following items were taxed:

Gregg *v.* Crabtree.

| | | |
|---|---|---|
| Sheriff·M. O'Hair, summoning two defendants,... | $1 00 | |
| Mileage, ....·.................................... | 0 10 | |
| Returning  two writs,.....·..................... | 0 20 | |
| | | $1 30 |
| Sheriff M. O'Hair, summoning four witnesses,.... | $1 00 | |
| Mileage, .................................... | 2 50 | |
| Returning four writs, ........................ | 0 40 | |
| | | 3 90 |
| Sheriff Wm. M. Snyder, summoning four witnesses | $1 00 | |
| Mileage, .................................... | 1 15 | |
| Returning three writs, ........................ | 0·30 | |
| | | 2 45· |
| | | $7 65 |

The distance traveled by the sheriffs in serving the summons and subpœnas was not specified in their returns upon the writs.

The fee-bill was replevied by Crabtree; and at the June Term, 1862, of the Circuit Court, he moved the court to quash the fee-bill and replevy bond, upon the ground that the clerk was not authorized to tax as sheriff's fees the sums claimed as mileage, the distance traveled by them in serving the summons and subpœnas not being specified in their returns upon the writs. The motion was sustained, and a judgment for the costs of the proceeding rendered against the clerk, who now brings the case to this court for review upon writ of error.

Mr. N. M. BROADWELL, for the plaintiff in error.

Mr. A. GREEN, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This record presents the question whether the clerk may tax as sheriff's fees a sum claimed for milage, when the distance traveled is not specified in his return. By section 11 of the act of 1849 (Scates' Comp. 513), it is enacted, that "It shall be the duty of each sheriff entitled to mileage under this act, to

indorse on each writ, summons, subpœna or other process that he may execute, the distance he may travel to execute the same, ascertaining the distance and the charge properly allowable therefor, in conformity with the foregoing regulations." This requirement is positive and unconditional in its terms. And it was evidently the design of the law makers to give the person chargeable with the payment explicit information of what the various items with which he was charged consisted. But the statute has positively required that the act shall be done, and there is no other authority that can dispense with its performance.

By the 28th section of the cost act of 1845, the clerk is required to make and set down a fee-bill in each case, after each term of court, in a book to be kept for that purpose, including the costs of the sheriff and other officers. This provision seems to require something more than merely copying the various items of costs into a book. He is required to make, as well as set down, a fee-bill. In making a fee-bill, he can only allow, or set down, legal charges, whether of his own or of other officers. When he sees that charges are made for services never rendered, or for more than the statute has allowed, or when they are returned contrary to the requirements of the statute, he should reject and disallow them. The law has imposed upon the clerk the duty of taxing the costs in all cases in court, and in doing so he must be governed by the statute. He must pass upon the legality of the various items charged, and will not be warranted in allowing more than the statute has fixed, nor for charges not returned in pursuance to the requirements of the statute. In this case, the sheriff having failed to specify in his return the number of miles traveled in serving the process, the clerk, in making the fee-bill, should have rejected the charge. And the court below did right in quashing the fee-bill and replevin bond. The judgment is affirmed.

*Judgment affirmed.*