JOHN HILL *et al.*

*v.*

WILLIAM HILL.

</div>

1.  PRACTICE IN CHANCERY—*proceedings to charge purchaser under a decree, with deficiency arising on a resale.*   Where the purchaser at a sale under a decree in chancery, refuses to complete his purchase, in order to charge him with any deficiency arising on a resale, the master should report the sale and refusal, and after confirmation of the report, a motion should be made and notice thereof served upon the purchaser, that he be ordered to complete his purchase by a certain specified time, or, in default thereof, the property be resold at his risk.

2.  SAME—*order of resale—what it must contain.*   And in such case, on failure to pay the purchase money, or show cause therefor, the order of

resale should direct the property to be resold at such delinquent bidder's risk and expense.

3. SAME—*when question of the expense of a resale will be reserved.* In some instances, where the purchaser is a party to the suit, and entitled to share in the proceeds arising from the sale, the court will reserve the question, by whom the costs and expenses of the resale and the deficiency are to be borne.

4. SAME—*before making order of resale, purchaser must be allowed an opportunity to complete purchase.* But in every such case, before making the order of resale at the purchaser's risk, he should be called upon to show cause why he has failed to complete his purchase, and allowed an opportunity so to do.

5. FORMER DECISIONS. The case of *Comstock* v. *Purple,* 49 Ill. 170, only overrules so much of the case of *Dills* v. *Jasper,* 33 Ill. 273, as relates to the receiving and reporting of bids by the master to the court, and the effect thereof, and leaves untouched all that portion of it in regard to the course of proceeding where the purchaser fails to comply with his purchase.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. EDWARD L. THOMAS, for the plaintiffs in error.

Messrs. SNYDER & DILL, and Messrs. KASE & WILDERMAN, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition filed in a partition suit, for the purpose of charging William Hill with the difference between the amounts of a sale and resale of the partitioned premises, which had been had in the case by the master.

The petition sets forth, that at a master's sale the premises were struck off and sold to said Hill, for the sum of $11,500; that he failed to comply with the terms of the sale; that the master reported the sale and non-compliance; that his report showed his acceptance of the bid of Hill, and the sale to him, which report was approved, and a resale was ordered by the court; that there were two successive resales to Hill, for less

sums than the above, with a like non-compliance on his part, followed by like proceedings on the part of the master and court; that on a third resale, the premises were struck off and sold by the master to one Rainey, for $5,650; that petitioners have each sustained a loss, by reason of non-compliance with the first sale, of $1,308.75, the difference in their respective shares of the first sale for $11,500, and the last one for $5,650.

The petitioners ask that William Hill be held, by proper order in the cause, to pay to them the difference in their shares so caused, out of his share of the proceeds of said sale for $5,650,—such share being five-ninths of said proceeds, and he being a complainant in the partition suit. The petition alleges that he has no other property out of which he could be made to respond in damages.

A demurrer was sustained to the petition, and we think rightly, for the reason, that the necessary preliminary steps had not been taken, to make Hill liable for the deficiency on the resale.

The order of the court was one of resale simply, without directing that it should be made at Hill's risk, and without his first having been called upon to show cause why he should not comply with the terms of the first sale. He might have had good cause for refusal to do so, and he should have had an opportunity to show cause, before making a resale at his risk; and if a resale was to be had at his risk, he should have been so apprised in the order of resale.

Where a person becomes a purchaser under a decree of the court of chancery, and refuses to complete his purchase, in order to charge him with any deficiency arising on a resale, the master should report the sale and refusal to the court, and after confirmation of the report, a notice of motion should be served on the purchaser, that he may be ordered to pay in his purchase money within a given time, or in default thereof, that the estate purchased by him may be resold at his risk. The order of resale, on failure to pay the purchase money, or show cause therefor, should direct the property to be resold at the bidder's

16—58TH ILL.

risk and expense. 2 Smith's Ch. Pr. 204, 205; *In the matter of Yates,* 6 Jones Eq. N. C. R. 212, 306 ; *Gross* v. *Peary,* 2 Patt. & Hea. (Va.), 483 ; 15 Gratt. 288, *Clarkson* v. *Read.*

The court, it is true, will sometimes, where the purchaser is a party to the suit, and entitled to a share of the produce of the sale, reserve the question by whom the costs and expenses of the resale, the costs of the application, and the loss or deficiency, are to be borne. And, however it might have been in this particular case, had the only objection been as to the terms of the order of resale, we hold it fatal to this claim, that Hill, previous to making the order of resale, had never been called upon by the court to complete his purchase, and allowed an opportunity to show cause for not doing so. The case of *Comstock* v. *Purple,* 49 Ill. 170, does not overrule entirely, as counsel suppose, the case of *Dills* v. *Jasper,* 33 Ill. 273, which recognizes the proceeding of a resale at a delinquent bidder's risk and expense. It only overrules so much of that case as relates to the receiving and reporting of bids by the master in chancery to the court, and the effect thereof, and leaves untouched all that portion of it in regard to the course of proceeding where the purchaser fails to comply with his purchase. The particular steps to be taken to obtain an order of resale, the court did not undertake to point out in that case, there being no occasion to do so.

The order of the court below, sustaining the demurrer and dismissing the petition, is affirmed.

*Decree affirmed.*