## JOHN W. THRIFTS

### *v.*

### ANDREW J. FRITZ.

*Filed at Mt. Vernon January 18, 1882.*

1. APPEAL—*what matters embraced therein.* On appeal by an alleged purchaser of mortgaged premises at a master's sale, who was also a party complainant to the bill to foreclose, he holding the senior mortgage, from a decree requiring him to pay the difference between the amount bid by him and the amount realized on a resale, the original record in the proceedings to foreclose can not be considered by this court as evidence of any facts, unless offered in evidence in the proceeding against the purchaser, and preserved in the record of that case by bill of exceptions or certificate of the judge. In such case the motion or petition to enforce the liability of the purchaser is a separate and independent proceeding.

2. JUDICIAL SALE—*proceeding against purchaser for not completing his bid.* A proceeding against a purchaser of land at a master's sale to subject him to the payment of the difference between his alleged bid and what the premises sold for at a resale on his neglect to pay the amount of his bid, is essentially a new proceeding from the one in which the sale was ordered, and whether it is against a party to the original suit or a stranger making the alleged bid, he must have notice, unless he voluntarily submits to the jurisdiction of the court, by answer or otherwise. It is a summary proceeding, and it seems it may be either by petition or motion.

3. SAME—*steps necessary to charge purchaser for a loss in consequence of not completing purchase.* It is essential, in order to charge a purchaser at a judicial sale with the difference between his alleged bid and the amount

realized on a second sale, that the master should report the sale to him, and that he refuse to comply with his bid; and if, upon notice, he shows no cause against it, he should be ordered to complete his purchase within a certain time fixed by the court, and in default thereof the property should be resold at his risk and expense.

4. EVIDENCE—*master's report*. In a proceeding to charge a purchaser of land sold under a decree of foreclosure with the difference between his bid and the sum bid on a resale, the master's report will be *prima facie* evidence, under the statute, of what it is by law required to contain. But such reports must be introduced in evidence, and preserved in the record in the usual mode, to authorize a monetary decree against the alleged purchaser.

5. CHANCERY PRACTICE—*former adjudication—how presented as to defence set up in answer*. If the matters set up in an answer as a defence have been previously adjudicated, it should be set up by plea or replication, upon which issue can be taken, so as to give the defendant an opportunity to present any evidence he may have on the subject. It can not be taken by exception to the answer.

6. AMENDMENT—*of process after judgment or decree*. No amendment is allowable to the service of process at a subsequent term of court to the one at which the decree or judgment was rendered, as a matter of course, without notice to the parties alleged to have been regularly served, or whose rights will be directly affected thereby. And this rule applies, though they are not parties to the suit being tried when the amendment is sought to be made.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of Pope county; the Hon. DANIEL M. BROWNING, Judge, presiding.

Messrs. GREEN & GILBERT, and Mr. J. C. COURTNEY, for the appellant:

The amendment of the appointment in writing of the special deputy, without notice to the defendants in the foreclosure suit, after the term at which the final decree was entered, was error. *Planing Mill Co.* v. *National Bank*, 86 Ill. 590; *O'Connor* v. *Wilson*, 57 id. 226; *Cook* v. *Wood*, 24 id. 295; *Walahan* v. *People*, 40 id. 103; *Bryant* v. *Vix*, 83 id. 11; *Lill* v. *Stockley*, 72 id. 495; *Chicago Mill Co.* v. *National Bank*, 96 id. 587; *Chicago Planing Mill Co.* v. *Merchants' National Bank*, 97 id. 244.

A deputy sheriff, or other deputy, has no power to appoint a deputy. Bouvier's Law Dic. vol. 1, p. 409; Jacob's Law Dic. under title "D," ed. of 1739; Viner's Abridg. title "Deputy;" Bacon's Abridg. title "Sheriff," p. 155; Rev. Stat. 1874, chap. 125, sec. 10; *Illinois Land and Loan Co.* v. *McCormack,* 61 Ill. 332.

A purchaser at a judicial sale will not be compelled to complete the sale if the title be defective. Rorer on Judicial Sales, p. 66, sec. 155; second ed. p. 70, sec. 150; Freeman on Executions, 503, sec. 302; *Williamson* v. *Field,* 2 Sandf. Ch. 533; *McGowan* v. *Wilkins,* 1 Paige, 120; *Jackson* v. *Edwards,* 22 Wend. 498; *Morris* v. *Mowalt,* 2 Paige, 580; *Matter of Cavanaugh,* 37 Barb. 22; *Conner* v. *Smith,* 10 Watts, 392; *Boggs* v. *Hargrove,* 16 Cal. 559.

It is only a final decree that is *res judicata,* and it must be specially pleaded, and proven. The only issue appellant was allowed to make was upon his averment that the special deputy, Weaver, was not appointed by the sheriff. He had no opportunity of giving evidence as to the other matters of defence, and there was no finding on this particular issue.

The sale to McCoy was a master's sale, made under a decree of court, and the law is well settled that such sales are never complete until the master makes a report of the sale, and the sale is confirmed by the court. Until then the transaction is a mere contract of sale, binding upon no one, and depending upon the approval of the court for its validity. *Garrett* v. *Moss et al.* 20 Ill. 594; *Dill* v. *Jasper,* 33 id. 262; Rorer on Judicial Sales, pp. 1, 2.

Mr. W. P. SLOAN, and Mr. R. A. D. WILBANKS, for the appellee, referred to the opinion of Mr. Justice BAKER, in *Thrifts* v. *Fritz,* 7 Bradw. 55, as presenting fully and logically the facts of the case.

A deputy is by statute authorized to perform any and all the duties of the sheriff, and his act is made that of the sheriff. Rev. Stat. 1874, chap. 125, sec. 12.

It frequently happens that the sheriff is sick or absent, leaving a deputy, and it becomes important in some urgent case to have a special deputy appointed. Admitting that the amendment was made without notice to the defendants in the foreclosure suit, the question arises, was notice essential to the validity of the appointment? If not, we insist no notice was necessary, and the jurisdiction of the court, as to the persons of defendants, was complete.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Much confusion exists in this record on account of the introduction of irrelevant matter in no way connected with the present appeal. It is to be regretted the abstracts are not so prepared as readily to present a clear understanding of the case. It will simplify the investigation to ascertain what the litigation in this court concerns.

On looking into the transcript filed in the cause, it is seen an appeal was taken by John W. Thrifts from a judgment rendered against him in the circuit court of Pope county, on the 22d day of October, 1879, in favor of Andrew J. Fritz, for the sum of $151.20 and costs of suit, and in case of default in payment of the sum adjudged against him, within a time fixed by the order of the court, it was ordered that execution issue therefor. That judgment was affirmed by the Appellate Court for the Fourth District, and now defendant brings the case to this court, a majority of the judges of the Appellate Court having certified they were of opinion the case involves questions of law of such importance, on account of the legal principles involved, that it should be passed upon by the Supreme Court,—which, under the statute, authorizes him to bring his appeal to this court.

That which is called a "bill of exceptions," made part of the record, by the judge of the circuit court in which the cause was tried, contains all the evidence that can be considered on this appeal. It contains the petition of Andrew J. Fritz,

in which it is recited a petition was filed in the case of *Andrew J. Fritz* v. *Cassandra Jenkins et al.,* in which it was set forth that said cause was pending on a bill to foreclose a mortgage, in the circuit court of Pope county, at the March term, 1878, when John W. Thrifts, a junior mortgagee, was, on his own petition, made a party; that a decree was rendered in favor of petitioner, Andrew J. Fritz, for the sum of $138.08, and also in favor of defendant, John W. Thrifts, the junior mortgagee, for the sum of $65, and the mortgaged premises ordered to be sold, the proceeds to be applied to the payment of the costs of the proceedings, and to the payment of the claims of the respective mortgagees. It is further set forth in the petition, that the master in chancery, after giving the notice required by the decree, offered the mortgaged property for sale; that the same was struck off to defendant for $253.60, as to the highest bidder, and, although a certificate of purchase, in the usual form, was tendered to him, he refused to accept it and pay the amount of his bid. It is further represented, in and by the same petition, that at the March term, 1879, of the court, an order was entered requiring defendant, Thrifts, to pay the purchase money alleged to have been bid by him for the mortgaged property, within thirty days, and that in default thereof such real estate be resold by the master in chancery, at the risk and expense of defendant; and that, as defendant had not paid such purchase money, the master in chancery, after advertising the property, resold the same to Alonzo McCoy for $5, that being the highest bid made, and issued to him the usual certificate of purchase. Upon the facts alleged, petitioner asked that defendant, Thrifts, be required, by an order of court, to pay the difference between his alleged bid of $253.60 and the subsequent bid of $5, viz.: $248.60, together with the costs consequent upon this proceeding, as well as the costs of the proceeding against defendant at the March term, 1879, within a reasonable time, and in default

thereof, that execution issue to the sheriff of Massac county to collect the same. To the petition and motion filed against him, defendant answered, that while the petition contained many facts that were true, and some that were untrue, yet upon the material matters which would fix liability on defendant the facts alleged are very inaccurate and greatly misrepresented, and then proceeds to relate what he alleges is a full history of his connection with the case. The substance of all that is material to the present consideration is: 1st. Defendant did not make any bid for the mortgaged premises at the master's sale. 2d. The premises were not bought by him. 3d. No certificate of purchase was ever tendered to him. 4th. He did not authorize any one to make a bid for him at the master's sale of the premises, and was greatly surprised when he heard the premises had been struck off at such sale in his name. 5th. That Thomas H. Clark, who made the alleged bid for defendant at the master's sale, was the acting solicitor for petitioner in the foreclosure suit. And 6th. The only notice defendant received of the resale of the property, was a notice from the master, on the 28th day of June, 1879, when in fact the resale did not take place until the 19th day of July, 1879. Exceptions to the answer of defendant, filed by petitioner, are: 1st. The matters set up are not responsive to the motion. 2d. The material allegations of defendant's answer were at issue, and adjudicated by the court, at its last term. And 3d. The answer is otherwise informal and insufficient. It appears the court "sustain the exceptions" to the answer of defendant, and thereupon leave was given to defendant to file another answer, which he did, the substance of which is, the only service of process in the foreclosure suit on defendants, a part of whom are minors, was by a person not authorized by the sheriff of the county to make service of such process; that the party making the service was appointed a special deputy for the sheriff of the county by an acting deputy, and not by the

sheriff himself, and it is insisted the court never acquired jurisdiction of the persons of the defendants in the foreclosure suit, there having been no appearance by any adult defendant, and for that reason the decree of foreclosure, and the sale thereunder, were null and void. With his amended answer defendant filed the affidavit of the sheriff, in which he states the written appointment of a special deputy, on the back of the summons in the foreclosure suit, purporting to have been made by him, was not made by him, and was not signed by him. Exceptions filed by petitioner to the additional or amended answer of defendant, were by the court overruled, and thereupon he filed a general replication to the answer of defendant, such as is usual to an answer to a bill in chancery, stating that the matters therein set up are not true, and the allegations of the petition and motion are true, and for aught that appears in such answer the prayer of the petition and motion should be granted. Just before the hearing of the cause was commenced in the circuit court, and after a motion for continuance by defendant had been overruled, petitioner asked leave of the court to amend the appointment of the special deputy indorsed on the back of the summons, in the suit to foreclose the mortgage of petitioner, by adding below the name of the sheriff, which appears to be signed thereto, the words, "by Thomas H. Alexander, deputy," which motion, against the objection of defendant, was allowed, and the appointment of the special deputy was so amended. And thereupon the cause came on to be tried, when Thomas H. Alexander was introduced as a witness, and stated he was a deputy sheriff on the 20th day of October, 1877, when the summons in the foreclosure suit was given to him, and he appointed the deputy named, to serve the summons, and signed the sheriff's name to the appointment, and that the sheriff had told him if he became pressed with business to appoint a special deputy in any case, but gave him no particular authority in this case. The

judge who heard the cause on the circuit, certified "the fore-going was all the evidence introduced on the trial of this cause." Upon that evidence the court found the principal allegations of the petition were true, and rendered a judgment or decree against defendant, in the sum of $151.20, to be paid within sixty days, and in default of payment execution to issue therefor to the sheriff of Massac county.

It is obvious, the appeal in this case only brings up the record of the judgment or decree rendered against him, as has been seen, on the 22d day of October, 1879. The transcript of the original suit to foreclose petitioner's mortgage, and of all previous proceedings filed in this cause, constitute no part of the record of the case from which the appeal was taken, and can not be considered. Of what was previously decreed by the court, whether in favor of or against defendant, he does not now complain, and has assigned no errors calling in question any of such proceedings. The transcript of such proceedings finds no appropriate place with the record in this cause. *Smith* v. *Brittenham,* 88 Ill. 291; *Smith* v. *Brittenham,* 94 id. 624.

It is sought to subject defendant to the payment of the difference between his alleged bid for premises being sold under a decree of foreclosure in *Fritz* v. *Jenkins et al.,* and what the mortgaged premises sold for at a second sale made by the master in chancery. This is, essentially, a new proceeding, and whether it is against a party to the original suit, or a stranger, making the alleged bid, he must have notice, unless he voluntarily submits to the jurisdiction of the court, by answer or otherwise. It is a summary proceeding, and it is said it may be either by petition or motion. By petition is the mode adopted in this case. It is essential, to charge the alleged purchaser with the difference between his alleged bid and the amount realized on a second sale, the master should report the sale to him, and his refusal to comply with his bid, and if upon notice he shows no cause against

it, he should be ordered to complete his purchase by a certain time fixed by the court, and in default thereof the property will be resold at his risk and expense. *Hill* v. *Hill*, 58 Ill. 239.

It may be the petition sets forth with sufficient certainty every material fact necessary to entitle him to a decree against defendant for the difference between the first bid and the amount of the second bid, and it seems the circuit court found, by its decree, the allegations of the petition in that regard were true, as stated; but the difficulty in the case is, the evidence preserved in the record does not warrant the findings of the court. The record contains a "bill of exceptions," which it is certified contains all the evidence introduced on the trial of the cause. It will be observed it contains no evidence defendant, or any one for him, ever bid off the mortgaged premises at any sum, and refused to complete his purchase. Had the master's report been introduced in evidence, under the statute it would have been evidence of what it is required by law to contain. But that was not done, nor is there any evidence of resale, upon notice to the party to be charged with the deficit, to be found in the record. Here, again, the master's report, had it been introduced, would have been evidence, *prima facie* at least, of these essential facts. It may be true, and doubtless is, the transcript filed with this record contains what purports to be reports of the master in chancery as to his acts and doings under the decree of the court in the foreclosure suit, but this court can not search them out, and if found can not take judicial notice they are official papers. They should have been introduced in evidence, and made a part of the record in the usual mode known to the practice, by bill of exceptions or certificate of evidence, before they can be used as evidence against defendant. Notwithstanding this is a summary proceeding against defendant, a case must be proved before a monetary decree can rightfully be pronounced against him, as in other cases in law or equity.

This view sufficiently disposes of the case so far as the present judgment is concerned; but a few questions that will necessarily arise on another hearing, and which are directly presented by the rulings of the circuit court, remain to be considered. One exception taken to defendant's answer is, the material matters contained therein were at issue, and were adjudicated by the court at a former term. The objection taken should have been presented by plea or replication, upon which issue could have been taken. Whether the matters alleged in defendant's answer as a defence to the petition were at issue, and had been adjudicated by the court at a former term, is a matter of evidence concerning which defendant had a right to be heard. It was not proper practice to sustain an exception to the answer, for the reason stated.

The point made, the court erroneously permitted an amendment of the service of summons in the suit of petitioner to foreclose his mortgage, without notice to the defendants in that suit, needs only a few words of illustration. The practice in such cases has become settled by the previous decisions of this court. No amendment is allowable to the service of process at a subsequent term of court to the one when the decree or judgment was pronounced, as a matter of course, without notice to the parties alleged to have been regularly served, or whose rights would be directly affected. *O'Conner* v. *Wilson,* 57 Ill. 226; *Planing Mill Co.* v. *National Bank,* 86 id. 587. The rights of defendants in the original suit, out of which this litigation arises, would be directly affected, and it was plainly error in the court to permit any amendment of the return of service of process as to them, without notice in reasonable time to enable them to make a suitable defence, if any they had. Whether the service of process on them was sufficient in the first instance to give the court jurisdiction in the foreclosure suit, is a question the determination of which does not come within the present discussion, and as to which no opinion will be expressed.

The judgment of the Appellate Court will be reversed, and the cause remanded to that court with directions to reverse the decree or judgment of the circuit court, and remand the cause for further proceedings.

*Judgment reversed.*

Mr. JUSTICE MULKEY took no part in the consideration of this case.