BAXTER D. HARBISON
v.
H. L. TIMMONS.

*Practice—Partition Proceeding—Order of Re-sale.*

An order of re-sale in a partition proceeding, at the risk of the original purchaser, who has failed to comply with the terms of the sale, is void, where no notice has been given to such purchaser to show cause why it should not be made.

[Opinion filed September 20, 1890.]

IN ERROR to the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Mr. E. L. SWEET, for plaintiff in error.

Mr. F. M. WRIGHT and S. R. REED, for defendant in error.

WALL, J. This was an action in the Circuit Court of Champaign County to quash an execution.

Harbison v. Timmons.

The motion was granted and with it an order enjoining any further execution under the order upon which the execution in question was issued.

The question involved is as to the validity of an order of re-sale in a partition proceeding, at the risk of the original purchaser, who has failed to comply with the terms of the sale.

The Circuit Court held the order was invalid because it was entered without first having given notice to the purchaser to show cause why it should not be made.

It appears that the master, having reported the sale and non-compliance with the terms thereof by the purchaser, the court ordered that the purchaser "comply with the terms of his said purchase within ten days from this date, and that in default thereof said property will be again sold by said master at the risk of said purchaser, Timmons, for any deficiency in the amount of such sale." At a later day in the term an order was entered reciting that the purchaser had been served with a copy of the last named order, and he wholly failing to appear or say anything in this behalf, it was ordered that the purchaser pay to the master the remainder of the cash payment and give security for the deferred payments, as in the decree of sale originally required, within thirty days after notice of said order and decree, and in default that the master proceed to sell the premises on certain—the same terms and conditions as formerly provided, setting them out in detail, and that for any deficiency an execution should issue, etc.

The re-sale was made, and at the next term of court a report thereof was presented, from which it appeared there was a deficiency of $1,235.50, and it was thereupon ordered that an execution issue to the sheriff of said county for said sum against the said purchaser, which was the execution in question.

As we understand the practice in such cases, it is necessary that the purchaser have notice to show cause why he should not comply with the sale, and why a re-sale should not be made at his risk. Hill v. Hill, 58 Ill. 239; Thrifts v. Fritz, 101 Ill. 457. In this instance no such notice was given. The first order entered was absolute, and though the purchaser

was served with a copy of it before the second order was entered, he was not notified to show cause against it. He was thereby merely advised that he had been ruled to comply with the sale, and, if he did not, a re-sale would be made at his risk. There was no intimation that he might still show cause. The second order, if it is to be regarded as the one under which the re-sale was made, was not founded upon notice.

We are of opinion the execution was properly quashed, and the judgment will therefore be affirmed.

*Judgment affirmed.*