## BAXTER D. HARBISON

*v.*

## H. L. TIMMONS.

*Filed at Springfield November 2, 1891.*

1. JUDICIAL SALE—*failure of bidder to complete purchase—liability, for loss—notice of re-sale.* Before a bidder at a judicial or execution sale can be compelled to comply with his bid, or held liable for loss on second sale, he must be notified of application to the court for such an order, that he may show cause, if he can, against it.

2. Notice to a bidder at a judicial sale that the court has adjudged him in default in completing the bid, and directing a re-sale in the event of his failing to pay his bid, and declaring his liability for any loss on a second sale, is not sufficient to authorize the court to make another like order. The bidder will not be bound to appear on such notice, and move the court to vacate the order and allow him to show cause against the same.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

This was a motion, in the circuit court of Champaign county, to quash an execution. Defendant in error bid off certain real estate at a judicial sale by the master in chancery of Champaign county, on a decree by the circuit court of that county in a partition proceeding, in which plaintiff in error was a party, but afterwards refused to comply with his bid and the terms of the sale, as provided in said decree. At the March term, 1889, the master reported the bid and failure to comply, whereupon the court made the following recital and order: "Finding from said report that the master had properly sold the premises to H. L. Timmons for $4600, and had offered to execute a deed to Timmons for the premises so sold, according to law and the decree, and had requested Timmons to execute said sale according to the terms thereof, and that said

Timmons, at the time of said sale, paid him (the master) $300, and had neglected and refused to make any further payment on said purchase, or in any manner to execute the said sale; and thereupon, on motion of complainant's solicitor, it was ordered by the court that said Timmons be and is hereby ruled to comply with said terms of his said purchase within ten days from this date, and that in default thereof the said property will be again sold by said master, at the risk of said purchaser, Timmons, for any deficiency in the amount of such sale." Afterwards, during that term, the court made a further order, reciting that it had been shown by affidavit that a copy of said first order had been served on said Timmons, and he "failing to appear or say anything in this behalf, it was ordered that he comply with his bid in thirty days after notice of that order, and in default of his so doing that the master again sell said premises, on the same terms and conditions as before, and that if the proceeds of the second sale amounted to less than the bid of said Timmons, he should pay the deficiency, and that execution should issue therefor." Again, at the October term, 1889, the master, by his report of a second sale, showed that the premises sold for a sum much less than the bid of said Timmons, which report was duly approved by the court, and the deficiency for which Timmons was liable found to be $1235.50, for which sum an execution was ordered to issue. On that order this execution was issued by the clerk of said court, and at the March term, 1890, on the motion of said Timmons, was quashed. On appeal to the Appellate Court that judgment was affirmed, and plaintiff in error now brings the record to this court.

Mr. E. L. SWEET, for the plaintiff in error:

Where no provision is made in the Chancery act of this State, courts of chancery have the power to proceed "according to the general usage and practice of courts of equity." Rev. Stat. chap. 22, sec. 1.

Timmons, by purchasing at the sale, became a party to the proceedings in which the sale was made, submitted himself to the jurisdiction of the court in that cause, and undertook to pay and give notes and security, as required by the first decree of sale, and the proper tribunal in which to compel his compliance with his bid was in the same court, and by motion in the same cause in which the undertaking occurred. Rorer on Judicial Sales, p. 66, secs. 152, 153; *Requa* v. *Rea,* 2 Paige, 339; *Gazet* v. *Hubble,* 36 N. Y. 677; *Wood* v. *Mann,* 3 Sumn. 318; *Dedrick* v. *Watkins,* 8 Humph. 520; *Vanbiber* v. *Sawyers,* 10 id. 81; *Gross* v. *Pearcy,* 2 P. & H. 483; *Bank* v. *Fowler,* 4 Sneed, 461; *Blackmore* v. *Barker,* 2 Swan, 340; *Stimson* v. *Meed,* 2 R. I. 541; *Gordon* v. *Simms,* 2 McCord's Ch. 151.

It was not necessary that the bidder should be notified "to show cause." It is sufficient that he had notice, and an opportunity to show cause, before making a re-sale at his risk. *Hill* v. *Hill,* 58 Ill. 239; *Thrifts* v. *Fritz,* 101 id. 457.

Mr. F. M. WRIGHT, and Mr. S. R. REED, for the defendant in error:

There is no provision made by the Chancery act of this State directing how a party purchasing at a judicial sale may be held liable when he refuses to complete his purchase, and parties in interest are again compelled to make sale of the premises. Therefore, in the absence of such a statute, as suggested by plaintiff's attorney, the court can only proceed "according to the general usage and practice of courts of equity."

The Supreme Court of this State has established a rule of procedure in the class of cases under consideration, which will be found in the cases of *Thrifts* v. *Fritz,* 101 Ill. 457, and *Hill* v. *Hill,* 58 id. 239.

A party is not bound by a judgment of court taken against him without notice, and if such judgment is so taken, he is not prejudiced because he does not proceed to set it aside. Age gives it no vitality.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The judgments of the circuit and Appellate Courts are in accord with the decisions of this court reported in *Hill* v. *Hill,* 58 Ill. 239, and *Thrifts* v. *Fritz,* 101 id. 464, in both of which it. is held that before a bidder at a judicial or execution sale can· be compelled to comply with his bid, or held liable for loss on a second sale, he must be notified of an intended application to the court for such an order, that he may show cause, if· he can, against it.

On behalf of plaintiff in error it is urged, that by the general rules of chancery practice the purchaser at such a sale becomes a party to the proceeding under which it is made, and is chargeable with notice of each step taken in the case thereafter. The foregoing decisions settle the law in this State to the contrary. We think they lay down a just and reasonable. rule of practice, and have no inclination to change it.

But it is insisted in this case notice was given. This position is based upon the assumption that notice of the first order, of the court, at its March term, 1889, was a notice under which, the bidder could have shown cause, etc. That notice, however, only advised him of the fact that his liability had been already determined,—that the court had already found that the master had properly sold the premises to him for $4600,. had offered to execute to him a deed, had requested him to comply with the terms of the sale, and then ruled him to comply with the terms of his bid. All that he could have done. after that order was served on him would have been to appear in the court and move to set aside what had already been done,. and allow him to defend. He could doubtless have done so then successfully, because such order was entered without no-, tice; but he was not bound to do so, but may now question the validity of the order, and the execution issued in pursu-· ance of it, on this motion.

We think the judgment of the Appellate Court is right, and. will be affirmed.            *Judgment affirmed.*