## John Boyd and Thomas S. Boyd v. J. F. Humphries & Co., The Chisholm-Gray Co., and John S. Gould & Co.

1.    COSTS—*How Paid in Contemplation of Law.*—In contemplation of law, each  party to a suit pays the costs made by him  as they accrue in the progress of the suit.

2.    WITNESS FEES—*Party Procuring Attendance Responsible.*—A party is responsible to witnesses whose attendance he procures, for  their fees. Such fees may not be properly taxable against the adverse party, although the party procuring such attendance is successful in the suit.    It is upon this ground that a party to a suit recovers judgment for his costs against the opposite  party to reimburse him for all  costs which  can be lawfully taxed against such opposite party.

3.    APPEAL—*Order Retaxing Costs—Who May Appeal.*—A witness to whom  costs are due in a case at law can not take an appeal from an order retaxing  his costs.

**Memorandum.**—Order retaxing fees.    Appeal from  the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard  in this court at the December term, 1893, and appeal dismissed. Opinion filed May 22, 1894.

The opinion states the case.

C. C. STRAWN and A. C. NORTON, attorneys for appellants.

EDWARD BARRY and HOLLY & JONES, attorneys for appellees.

Boyd v. Humphries & Co.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

The appellees, J. S. Humphreys & Co., The Chisholm-Gray Co. and John S. Gould & Co., commenced suits in attachment to the October term, 1891, of the Circuit Court of Livingston County, against John Boyd and Thomas S. Boyd, the appellants, together with E. H. Boyd. At that term all of said three suits were dismissed as to appellants, leaving E. H. Boyd sole defendant.

At the January term, 1892, each of said suits was continued on the motion of plaintiffs therein and at the cost of such plaintiffs respectively. Appellants each made affidavit in each of said suits of attendance at said January term, as witnesses for said E. H. Boyd, and the clerk taxed as defendant's costs against the plaintiffs, the fees of appellants for attendance and mileage as sworn to in said affidavits.

The court, on motion of appellees, plaintiffs in the attachment suits, retaxed said costs, disallowing the fees so claimed by appellant John Boyd, and allowing fees claimed by appellant Thomas S. Boyd in one case only. From the order retaxing said costs this appeal was taken by said witnesses. A motion to dismiss the appeal was made by appellees and taken with the case.

In contemplation of law each party to a suit pays the costs made by him as they accrue in the progress of the suit. Morgan v. Griffin, 1 Gilman 565; People ex rel. v. Harlow, 29 Ill. 43.

If appellants attended as witnesses at the instance of E. H. Boyd, he was liable to them in the first instance for their fees as such witnesses, and if he did not actually pay them their fees, they were entitled to collect them from him. A party is responsible to witnesses whose attendance he procures, for their fees, although such fees may not be properly taxable against the adverse party, or although the party procuring such attendance is successful in the suit. It is upon this ground that a party to a suit recovers judgment for his costs against the opposite party to reimburse himself for all costs which can be lawfully taxed against such opposite

party. Reddick v. Cloud's Adm'rs, 2 Gil. 670; Carpenter v. People, 3 Gil. 147.

When the suits were continued, the plaintiffs were required to pay the costs of the term, and judgments were rendered against them accordingly. The judgments for defendant's costs of that term were in favor of E. H. Boyd, the defendant, to reimburse him for his costs, and were not judgments in favor of the witnesses. E. H. Boyd might satisfy such judgments for his costs on any terms that he might see fit, and the witnesses would have no right to interfere. Their remedy would be against him. Reddick v. Cloud's Adm'rs, *supra;* Wickliff v. Robinson et al., 18 Ill. 145.

Appellants were not parties to the judgments, which were in favor of E. H. Boyd, nor to the order of the court determining what witness fees should be taxed and recovered under the judgments. Not being parties to the suits or judgments, appellants could not appeal. Rorke v. Goldstein, 86 Ill. 568; Hesing v. Attorney General, 104 Ill. 292; L. E. & St. L. R. R. Co. v. Surwald, Supreme Court Ill., opinion filed October 27, 1893; N. E. Rep. Vol. 35, p. 476. The appeal will be dismissed.