### William E. O'Neill v. Chicago Chronicle Co.

1. COSTS—*On Appeals—Recovery of, in Actions on Appeal Bonds.*— Where an appellant is liable for costs in the Appellate Court, but the appellee is required, by the clerk, to advance them to secure the final order of affirmance, such costs, so advanced, are properly included in a judgment recovered in an action upon the appeal bond.

Debt, on an appeal bond. Appeal from the Circuit Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 20, 1900.

H. T. ASPERN, attorney for appellant.

DANIEL V. GALLERY, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court. This is a suit in debt on an appeal bond filed in the Cir-

cuit Court of Cook County in a case wherein an appeal was allowed from a judgment of that court to the Appellate Court. The judgment in that case having been affirmed, suit was brought upon said bond, and from the judgment for $234.20 obtained thereon this appeal is prosecuted by the surety.

The condition of the bond is that if Otto Guenther, the obligor therein, " shall duly prosecute his said appeal with effect, and moreover pay the amount of the judgment, costs, interest and damages rendered and to be rendered against him, in case the said judgment shall be affirmed in said Appellate Court, then the said obligation to be void, otherwise to remain in full force and virtue." The said judgment against the obligor referred to in the said bond having been affirmed in the Appellate Court (79 Ill. App. 105), judgment was also rendered in favor of the appellee herein for the " costs in this behalf expended " by the latter. It is now contended by appellant, who was surety on said appeal bond, that it was error for the trial court to include in its judgment rendered in the suit on said bond, a bill for costs in the Appellate Court for $13.90. This is the only objection urged to the judgment.

The objection is not well taken. The condition of the bond was broken by the failure of the obligor and his sureties to pay the judgment affirmed, together with the costs. Appellee paid said costs to the clerk of the Appellate Court, and was by the condition of the bond entitled to recover back " its costs by it in this behalf expended," pursuant to the judgment of affirmance. The $13.90 was clearly costs by it thus expended. It is argued that appellee was not the party liable for these costs to the clerk of the Appellate Court, and ought not to have been compelled to advance them to secure the order of affirmance; that by section 12 of chapter 53, " Fees and Salaries," it is provided, " the clerk shall not be required to issue a final order in any cause until all costs for which the party seeking such final order is liable in such cause have been paid;" that in this case it was appellant who was thus liable for said costs, but it was appellee who paid them to secure the final order of

O'Neill v. Chicago Chronicle Co.

affirmance.    It is not, however, a question here whether or not the clerk of the Appellate Court might have collected them by a fee bill under the statute (Rev. Stat. Chap. 33, Sec. 28), nor whether he had a right to require their payment from appellee before issuing to the latter a final order of affirmance.    It is enough that the obligor was liable for them and that by the condition of the bond appellant had obligated himself to pay them, as well as the rest of the judgment.

In the case of witness fees, a party may become liable for them to the witnesses he causes to be summoned, but if successful in the suit he recovers the fees so advanced as part of the costs, to reimburse himself from the adverse unsuccessful party.    (Boyd v. Humphries, 53 Ill. App. 422.) In People ex rel. Maus v. Harlow, 29 Ill. 43, it is said :

" So far as we are advised, it has been uniformly held, both by the Supreme  and Circuit Courts, that clerks may insist upon their fees as their services are performed; and this we have no doubt is the law."

Part of these costs in controversy had been advanced by appellee in payment of its appearance fee, and the balance was paid to the clerk as his services were performed.    The payments thus made were rightfully included in the damages recovered on the bond.

It is urged in behalf of appellee that this appeal is prosecuted only for delay, and the provisions of section 23, chapter 33, R. S., are applicable.    Town v. Alexander, 85 Ill. App. 513.

We are compelled to concur in this view.    The judgment of the Circuit Court will be affirmed and judgment entered in favor of appellee for ten per centum on the amount of said judgment appealed from.

Affirmed.