## Chicago City Ry. Co. v. M. J. Burke.

1.  COSTS—*Witness Fees—Mileage and Per Diem Attendance.*—A witness living in Chicago, subpœnaed in a case pending in the Circuit Court of Cook County, is not entitled to mileage for going and returning to and from his home each day during the time such case is on call.

2.  SAME—*Duty of the Clerk in Taxing Fees.*—It is the duty of the clerk to tax only legal fees, and every intendment is in favor of the proper taxation, in the absence of proof to the contrary.

3.  PRACTICE—*When a Motion to Retax Costs May be Made.*—A motion to retax costs may be made upon notice after the close of the term at which the judgment was entered or after appeal.

**Motion to Retax Costs.**—Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding.    Heard in the Branch Appellate Court at the October term, 1901.    Reversed and remanded. Opinion filed July 2, 1902.

**Statement.**—This cause having been tried in the Circuit Court a verdict and judgment were rendered against the defendant for $38.25, and costs of suit.    The defendant prayed for and was allowed an appeal from the judgment to the Appellate Court upon his filing a bond within twenty days.    An execution and fee bill were issued by the clerk and delivered to the sheriff.    Thereafter the appeal of the defendant was dismissed by the Appellate Court and a copy of the order of dismissal was filed with the clerk of the Circuit Court.

Thereafter, April 4, 1901, defendant in error made in the

Circuit Court a motion to retax the costs in said cause. Upon the hearing of this motion the court entered an order disallowing all of the fees and mileage claimed by four of the plaintiff's witnesses, which had been taxed by the clerk and included in the fee bill. The plaintiff prayed an appeal from this order, which was denied by the court, and it therefore brings this writ of error, and prays that said order, entered April 4, 1901, retaxing the costs, may be reversed.

P. H. BISHOP, attorney for plaintiff in error; M. B. STARRING, of counsel.

P. B. FLANAGAN, attorney for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The court, as to the witnesses whose fees were disallowed, had before it four affidavits, one made by each of the witnesses, that at the instance of the plaintiff he attended as a witness in said cause, nine days; that he resided in Chicago and had traveled 108 miles.

The order of the court contains the following recital :

" It appearing to the court from an examination and consideration of the Chicago Daily Law Bulletin from October 23d to November 2d, introduced in evidence by counsel for defendant, and from the minutes of the clerk of this court, also introduced in evidence, and from evidence heard in court, that the above cause was on the trial call of this court but eight days, and that Patrick Grady, Patrick Sexton, Ida F. White and C. Masten have made affidavits that they attended as witnesses nine days,

It is ordered, adjudged and decreed by the court that as to the witness fees of said Patrick Grady, Patrick Sexton, Ida F. White and C. Masten, that their witness fees and mileage be disallowed altogether. And counsel for plaintiff having entered his exceptions herein, prays an appeal to the Appellate Court of the First District of Illinois, which is denied by the court, to which order of denial counsel for plaintiff duly excepts."

The Law Bulletin showed that the cause of the Chicago City Railway Company v. Burke was upon the trial call—
Monday October 22d.

Tuesday October 23d.
Wednesday " 24th.
Thursday " 25th.
Monday " 29th.
Tuesday " 30th.
Wednesday " 31st.
Thursday November 1st.

There was no evidence tending to show that each of these affiants did not, as he swore, attend court as a witness in said cause, nine days. That each or either of these witnesses had notice that the cause would not be upon the trial call Friday, October 26th, or that it was unnecessary for either to attend upon that day there is nothing to show. Told to be in constant attendance, and warned that a cause is liable to be called for trial at any moment, as witnesses in this county usually are, they naturally come to court until they have testified or are notified that they need attend no longer. If the said witnesses in this case did attend Friday, October 26th, we think they were entitled to their fees for that day; which with the eight days the case was on call, would make the nine days' attendance each made affidavit to. Fish v. Farwell, 33 Ill. App. 242–244.

It is, perhaps, the case that the plaintiff is entitled to have taxed against the defendant only eight days' attendance for each of these four witnesses; certainly not more, if it was aware that the case would not be on call Friday, October 26th, and could in time have notified its witnesses not to attend; but there is nothing tending to show that these four witnesses were not each entitled from the plaintiff to nine days' attendance, although eight days only may be taxed against the defendant. Boyd v. Humphreys & Co., 53 Ill. App. 422.

The court properly refused to tax mileage for any of these four witnesses; neither of the affidavits set forth that the affiant had necessarily traveled any distance in going to or returning from court as a witness in this case.

We do not think that a witness is entitled to mileage going and returning for each day—while the court must

have known that one day's travel from and return to any place in Chicago could not amount to 108 miles.

As according to the Law Bulletin and the minutes of the clerk the cause was on the trial call four days and then off call for three days, it would seem that the witnesses were each entitled to mileage going and returning on two occasions, if they so did.

The clerk should tax only legal fees. Gregg v. Crabtree, 33 Ill. 273.

Every intendment is in favor of the proper taxation of costs, in absence of proof to the contrary. Dietrich v. Richey, 34 Ill. App. 342.

The motion to retax costs may be made upon notice after the close of the term at which judgment was had or after appeal. Ency. of Pleading & Practice, Vol. 5, page 248.

The order of the Circuit Court as to which error is assigned is reversed and the matter of the petition to retax costs remanded to the Circuit Court for further proceedings not inconsistent with this opinion. Reversed and remanded.