# Henry B. Dines, Appellee, v. Arthur B. Dussair et al., William M. Dickason, Appellant.

1. DECREES—*when cannot be collaterally attacked.* A decree of sale in partition cannot be attacked upon the ground that a cross-bill filed in the suit was not germane in a proceeding for a rule against a bidder at the sale to show cause why he has not made good his bid.

2. SALES—*what order appropriate upon decreeing second judicial sale.* If the bidder at a judicial sale fail to make good his bid after having been given opportunity so to do a second sale may be ordered by the court at the risk and expense of such bidder.

3. SALES—*rule applicable to judicial.* At judicial sales there is no warranty of title and the maxim *caveat emptor* applies. The purchaser runs all risks of title at such sales.

Partition. Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 9, 1911.

HUBBARD, SCHMIEDESKAMP & GROVES, for appellant.

CYRIL W. ARMSTRONG, for appellee; HOMER D. DINES, of counsel.

MR. JUSTICE FROST delivered the opinion of the court.

A bill for partition was filed by Henry B. Dines against Arthur B. Dussair et al. in the Circuit Court of Adams county, at the March term, 1910. April 8, 1910, Arthur B. Dussair filed a cross-bill in said suit bringing into the case the property in question, namely, lot eight in block two of Boulevard Place Addition to the city of Quincy, Illinois, and a decree for sale was thereafter ordered by the court. At the June term, 1910, the master in chancery of said court reported that he offered the real estate described in the amended bill and cross-bill for sale as decreed, and that appellant, William A. Dickason, had not paid the amount bid by him for said lot eight. Pursuant to motion of cross-complainant, Dussair, a rule was entered by the Circuit Court, June 20, 1910, against Dickason to show cause by June 22, 1910, why he did not comply with his bid. Dickason answered the rule in the form of a petition, admitting the purchase by him of said lot eight, and stating that the lot was vacant; that when he bid he was ignorant of any defect in the title; that he had had the title to said lot examined by an attorney, and that the attorney reported the partition proceedings irregular and the title unmerchantable in that one Sheer was in possession of a part of said lot; that the court had no jurisdiction to enter the decree; that Henry B. Dines had no interest in the property, and that the same was improperly brought into the case by cross-bill, which was not germane to the original bill.

On the same day, June 22, 1910, on motion of cross-complainant, Dussair, Sheer was made a party defendant to the cross-bill and said Sheer entered his appear-

ance, waived service, and disclaimed any interest in or right of possession to said lot 8.     December 9, 1910, a decree was entered, finding that Dickason had no excuse for non-compliance with his bid and ordering a re-sale of said lot 8 in 10 days, providing Dickason failed to make good his former bid; said sale to be at the risk and expense of said Dickason, and under the same terms and conditions as specified in the original decree.

Appellant asserts that said lot was brought into the case by cross-bill, which was not germane to the original bill, and therefore the court had no jurisdiction and the decree was void.     The original bill sought partition of lands as between Henry B. Dines, complainant, and the widow and heirs at law of John C. Dussair.     The cross-bill of Arthur B. Dussair, one of the defendants in the original bill and an heir at law of John C. Dussair, sought partition of said lot 8 as between himself and the widow and other heirs of John C. Dussair.     The widow is given a life interest by will in all the property described in the bill and cross-bill. It is unnecessary to decide whether the cross-bill was germane to the original bill or not.     The court had jurisdiction of the subject-matter of the suit and the parties, and the decree of sale is binding upon all parties until reversed, and cannot be inquired into collaterally.     Swiggart v. Harber, 4 Scammon 364.

It is claimed the report of the master does not show that Dickason refused to comply with his bid.     The report shows that Dickason *failed* to comply with his bid sufficiently to constitute a refusal.

It is further claimed that the order appealed from is erroneous because it required that the sale be made at the expense and risk of Dickason.     We see no error in this as it is in accordance with the rule laid down in Hill v. Hill, 58 Ill. 239, and Thrifts v. Fritz, 101 Ill. 457.

At judicial sales, there is no warranty of title, and the maxim *caveat emptor* applies.     The purchaser

runs all risks of title at such sale.    Bassett v. Lockard, 60 Ill. 164.

Perceiving no error in the record the order appealed from is hereby affirmed.

*Affirmed.*