**Tako Sarpisian, Plaintiff in Error, v. Charles Mardirosian et al., Defendants in Error.**

1. JUDICIAL AND EXECUTION SALES—*nonconfirmation of sale as affecting liability of purchaser refusing to complete purchase for deficiency.* Where the successful bidder at a partition sale refused to complete her purchase, but such sale was not reported to and confirmed by the court and the master readvertised the premises, sold them, and such sale was approved by the court, there was no basis for a deficiency decree against such bidder, the want of approval of the first sale, followed by the second sale and the confirmation thereof, amounting to a rejection of the first bid.

2. JUDICIAL AND EXECUTION SALES—*procedure to fix liability of purchaser refusing to complete purchase.* In order that a purchaser at a sale under a decree in chancery who refuses to complete his purchase may be charged with any deficiency arising from a resale there must be a report of the first sale and the refusal to

complete, a confirmation of the report, and an order on notice, with opportunity to show cause contra, to complete the purchase or in default thereof, to resell at such purchaser's risk, and such notice is jurisdictional unless the purchaser voluntarily submits to the jurisdiction of the court.

Error by plaintiff to the City Court of East St. Louis; the Hon. William F. Borders and Silas Cook, Judges, presiding. Heard in this court at the October term, 1925. Reversed. Opinion filed February 17, 1926.

McGlynn & McGlynn and Dan McGlynn, for plaintiff in error.

No appearance for defendants in error.

Mr. Justice Barry delivered the opinion of the court.

At a master's sale, in a partition proceeding, plaintiff in error made an offer of $3,000 which was the highest and best bid received for the premises. So far as the record shows that sale was never reported to or approved by the court. The master readvertised the premises and at a second sale the highest bid received was $2,600 and the sale was confirmed by the court. Reporting the latter sale the master informed the court of the offer made by plaintiff in error at the previous sale and of her refusal to pay the purchase price. The court entered a decree finding that by reason of her refusal to pay the amount of her bid plaintiff in error became liable to pay any deficiency arising upon a resale of the premises together with the costs and expenses occasioned thereby; that there was a difference of $400 between her bid and that received on the second sale, and that the costs and expenses of the resale were $86.38. Plaintiff in error was ordered to pay said sum of $486.38 to the master for the use of the parties entitled thereto within 30 days of the date of the decree and that in default of payment execution should issue therefor.

The decree is clearly erroneous and must be re-

versed. The bidder at a master's sale merely agrees to purchase the property upon the terms named by him, if the same shall be approved by the court; and until the bid is reported and the report confirmed, the sale is incomplete and the bidder is under no obligation to complete the purchase. And although a bid may have been accepted by the master, yet if it was not reported to or approved by the court, and the master on his own motion and responsibility resells the property, the report of such resale and its approval by the court will operate as a rejection of the first bid and put an end to the liability of the bidder thereon. *Dills v. Jasper,* 33 Ill. 262.

Where the purchaser at a sale under a decree in chancery refuses to complete his purchase, in order to charge him with any deficiency arising on a resale, the master should report the sale and refusal, and after the confirmation of the report, a motion should be made and notice thereof served upon the purchaser, that he be ordered to complete his purchase by a certain time, or, in default thereof, the property be resold at his risk. *Hill v. Hill,* 58 Ill. 239. Before making an order of resale at the purchaser's risk, he should be called upon to show cause why he has failed to complete his purchase, and allowed an opportunity so to do. *Hill v. Hill, supra.* He must have notice of such an application unless he voluntarily submits to the jurisdiction of the court by answer or otherwise. *Thrifts v. Fritz,* 101 Ill. 457; *Harrison v. Timmons,* 139 Ill. 167.

As plaintiff in error was not liable, under the law, for any deficiency or for the costs and expenses of the resale of the premises the decree is reversed and the cause will not be remanded.

*Reversed.*