**Fred Buhrer, Plaintiff in Error, v. Anton Range et al., Defendants in Error.**

360

Opinion filed June 4, 1931.

LOUIS BEASLEY and EDWARD C. ZULLEY, for plaintiff in error.

WALTER E. ACKERMANN, for defendant in error Edward Swoboda; TURNER & HOLDER, for other defendants in error.

MR. JUSTICE WOLFE delivered the opinion of the court.

Pursuant to a decree of the circuit court of St. Clair county, the master in chancery sold at public auction certain premises in said county. At the sale one lot was struck off and sold to one Narcise La Croix; the other lot or tract of land was struck off to Edward Swoboda upon his bid of $13,000. This was the highest and best bid received for this tract or parcel of land. At the time of the sale of the property Edward Swoboda stated that he was bidding for one Fred Buhrer.

The terms of the sale were to be one-third cash and the balance of the purchase price in two equal instalments in six and twelve months respectively, after the date of sale.

The master in chancery filed his report in the circuit court of St. Clair county stating that Narcise La Croix had fully complied with the terms of his sale and paid the master in chancery for the premises struck off to him. The master further reported that Edward Swoboda and Fred Buhrer each refused to comply with the terms of the sale, or to pay any part of the purchase price for the property that had been struck off to the said Edward Swoboda. The court approved that part of the report confirming the sale of the lot to La Croix and ordered that a citation be issued for Edward Swoboda and Fred Buhrer, commanding them to appear before the court on May 6, 1929, and show cause, if any they have, why they did not comply with the terms of the sale of the property that had been sold to them by the master in chancery. On May 6, 1929, Swoboda and Buhrer appeared in court and asked to have the case continued until May 9, 1929. On May 9, 1929, the court entered an order and decree, a part of which is as follows: "It is therefore ordered, adjudged and decreed by the court that Edward Swoboda and Fred Buhrer, or either of them, comply with the terms of sale instanter; but Swoboda and Buhrer, being in court, refused to comply with the terms of said sale." The court in the same decree then ordered a resale of said property upon the same terms and conditions as the former sale. The decree further provided that the resale of said property be at the cost of Edward Swoboda and Fred Buhrer, and each of them; that if a deficiency resulted from said resale, between the prior sale price and the sale price appearing hereinafter reported by the master, together with the cost of such resale, etc., shall be paid by Edward Swoboda and Fred Buhrer, etc.

Pursuant to said decree and order of sale the master readvertised the property for sale and on the 29th day of June sold the premises to Alex S. Vien for the sum of $12,250. The master made his report to the court showing the sale price; also the cost of making the sale, resulting in a total deficiency of $1,105.74. The court approved the report and found that both Edward Swoboda and Fred Buhrer were liable for said deficiency. Judgment was entered against each of them for this amount. Later an execution was issued on said judgment. The defendant Fred Buhrer brings this case to this court on a writ of error to review the proceedings so far as they relate to him.

Our courts have repeatedly held that before a party can be held liable in a case of this kind it must be shown that he made the bid for the property, or by someone authorized to do so for him, and the property was struck off to him according to such bid. It must also be shown that the bidder failed or refused to comply with the terms of the sale. This must be reported to the court and the order approved by the court.

In this case the defendant Buhrer and Swoboda were cited into court to show cause why they should not be held liable for the cost of the resale of the property. The decree recites that the defendants appeared and evidence was heard, and that each of the defendants refused to comply with said bid. The only record of any hearing at the time of this citation is what is contained in the decree. The record does not show where there was any rule entered against either Swoboda or Buhrer to comply with the terms of the sale. The only record in regard to any rule at all is in the decree itself, which was filed on the same day of the hearing, in which it states that the court required Swoboda and Buhrer to comply with the terms of the sale instanter. In our opinion this is not in compliance with the law, that before the court can hold a defendant liable for a deficiency in a resale of property such as this, a rule

of court must be entered against the defendants to show cause why they did not comply with the terms of the sale. Even treating the recital in the decree as a rule on the defendants to comply with the terms of the sale, we do not think that such a rule should be entered to have defendants comply instanter in a case of this kind. This rule is stated in the cases of *Hill v. Hill,* 58 Ill. 239; *Thrifts v. Fritz,* 101 Ill. 457; *Sarpisian v. Mardirosian,* 239 Ill. App. 487.

For the reason above stated the judgment is hereby reversed.

*Reversed.*