. JOSEPH ULLMANN

*v.*

ALBERT E. KENT *et al.*

| 60 | 271 |
|----|-----|
| 129 | 111 |
| 60 | 271 |
| 130 | 670 |
| 60 | 271 |
| 40a | 395 |
| 60 | 271 |
| 159 | 646 |
| 60 | 271 |
| 162 | 96 |

1. MEASURE OF DAMAGES—*refusal to receive property and pay for it.* Where a person purchased of another the hair and bristles of all hogs he might kill during the season, at a specified price per head, and was to take and pay for them, and the seller, when he commenced slaughtering, gave the buyer notice and requested him to take away the hair and bristles and pay for the same according to the agreement, but the buyer refused, and the vendor then sold the hair and bristles for the highest market price: *Held*, that he could recover the difference between the contract price and the market price; that this is the true measure of damages for such a breach of contract.

2. SALE—*breach—re-sale—notice.* Where such a breach of contract occurs, the vendor may re-sell the goods without notice to the buyer that he will do so, and the vendee will be liable for the loss sustained.

3. SAME—*time for payment.* Where a party purchases goods at an agreed price, and no time is fixed for payment, the law implies that payment is to be made when the goods are delivered.

APPEAL from the Circuit Court of Cook county ; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. KING, SCOTT & PAYSON, for the appellant.

Messrs. SCAMMON, McCAGG & FULLER, and Mr. W. I. CULVER, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

We have fully considered this case, and have arrived at the conclusion that no notice to the vendee was necessary, of the re-sale of the goods.

We shall first dispose of a preliminary question :

The first count of the declaration is, that the plaintiffs agreed to sell to the defendant the hair and bristles of all hogs to be killed during the season, the defendant to remove the same and pay for them upon removal, at twelve cents per hog; that the plaintiffs killed a certain number of hogs, and were

ready and willing that the defendant might enter on the premises and remove the hair and bristles, of all of which he had due notice, yet the defendant would not accept or pay for the same, and they were re-sold.

The second count is the same as the first, with the additional averment that the defendant informed the plaintiffs that he would not accept of the goods or pay for the same.

The third is the same as the first, with the further averments that payment was to be made upon delivery, and that the defendant was requested to take away the goods.

We shall not notice the evidence further than to remark that the declaration was sustained by the proof; that notice of the commencement of killing was given to the defendant; that he wrote a letter refusing to accept the goods, and that a re-sale was made without notice to the defendant, at which the highest market price was obtained.

This suit is, therefore, brought for the difference between the market and contract price of the goods.

It is contended by counsel for appellant, that the legal effect of the contract was, that payment should be made upon request; and as there is neither averment nor proof of request, there is a manifest variance.

The general principle is, that a contract must be stated according to its legal effect, and it is so laid down in all the elementary books.

The legal operation of the agreement in this case was, that the goods were to be paid for upon delivery. No credit was given, and it would be a harsh rule to require the seller to part with his goods without payment unless he consented to do so. It would be an interference with the right of parties to make their own contracts, which, ordinarily, can not be permitted.

If a contract specify no time, the law will imply performance within a reasonable time. What is a reasonable time is a question for the court to decide, and in determining it, all the facts and circumstances of the case and the nature of the

contract will be considered. The intent of the parties must be ascertained. We can not infer that the vendors intended that the goods should be removed without payment, in the absence of any proof. This would be most unreasonable.

One count sets out the legal effect of the contract to be for payment upon delivery. The time of delivery, under the circumstances as proved, would be a reasonable time for payment on the part of the vendee. He contracted for no longer time, and he ought not to have it.

The averment, then, that payment was to be made upon delivery, is equivalent to the averment that payment was to be made within a reasonable time.

In *Brady* v. *Anderson,* 24 Ill. 109, this court held that an allegation in a petition that labor or materials furnished were to be paid for on performance or delivery, would be sustained by evidence that no time was specified.

In this case, the reasonable time for payment should be determined with reference to the date of the agreement, and not the time of delivery.

But this action may be maintained upon another count, which avers notice to the defendant of a readiness to deliver the goods, and his refusal to accept.

The notice and refusal appear from the evidence.

Chitty says, that where the defendant has so acted as to render a previous request of performance useless and unnecessary, the statement of a request may be omitted in the pleadings. 1 Chit. Pl. 330; *Amory* v. *Brodrick,* 5 Barn. & Ald. 712.

In this case, before the re-sale, the defendant not only refused to remove the goods, but in a letter informed the plaintiffs that it was impossible for him to go into the business, and requested them not to delay for him.

In this class of cases we do not think that any notice to the vendee, of the re-sale, was necessary.

This was an executory contract to deliver a specified article at a specified price. The buyer unreasonably refused to accept upon notice of readiness to deliver. The goods were

18—60TH ILL.

subject to decay and destruction, and the seller was not obliged to let them perish on his hands. It was his right and duty either to sell them or to make some disposition of them for the best advantage of both parties.

If a sale is desired and is the best, upon the failure of the vendee to comply, and notice to him is the positive requirement of the law, what shall the seller do if the buyer abscond, or is temporarily absent, or his locality is unknown? The instances would be numerous, in which a notice would be impracticable and could not be given. What then is to be done? The law does not require impossibilities, and the seller would be compelled to sit idly by and see the property perish because he could not comply with an absurd rule.

There is no necessity for the rule; it would greatly embarrass trade; would subserve no good purpose; would impose always an unnecessary, and sometimes an impossible, duty upon the seller, and would afford no protection to the buyer.

The safest, wisest and most honest rule is, that parties should be left to the consequences flowing from their contracts.

It is both reasonable and right that a party, guilty of a breach of contract, should pay damages therefor if any have accrued.

In this case the buyer is only asked to pay the difference between the contract and the highest market price of the goods at the time of delivery. For this difference the law holds him responsible. He might have avoided the liability by acceptance and payment. Having refused, it would have been idle ceremony to have given him notice of the re-sale merely that he might witness it, for it is not probable that he would have given at the sale more than the highest market value.

If the goods had been sold without any regard to their market value, and the attempt was made to hold the buyer liable for the difference between the contract price and the price on a re-sale, without any reference to value, there would then be

a necessity for notice so that he might protect himself against a sacrifice of the property.

Counsel for appellant have cited some authorities in favor of the position assumed. *McEachran* v. *Randles*, 34 Bar. 301, is most applicable, and this case is virtually overruled in *Pullen* v. *Leroy*, 30 N.Y. 549.

In *Sands* v. *Taylor*, 5 Johns. 395, the action was brought to recover for a cargo of wheat sold. Part of the wheat was delivered and the residue tendered, and notice given that, unless the whole cargo was received and paid for, the residue would be sold at public auction.

Three opinions were delivered, but the necessity of notice does not seem to have been much considered. It seemed to have been taken for granted that it was necessary because it had been given.

Chancellor KENT merely remarked : "The usage in such cases is, to sell the article after due notice to the other party to take it, and that, in default of doing so, the article will be sold."

To the same effect is the authority in 2 Kent's Com. 504, referred to by counsel ; and Chancellor KENT cites, as authority for the text, *Sands* v. *Taylor*, and some cases in Pennsylvania.

Van Ness, J., in his opinion, refers to *Langford* v. *Administratrix of Tyler*, and quotes it as follows : "that after *notice* given, the vendor can not sell the goods to another," etc.

Upon examination, it will be found that the quotation is not correct. The language of Ch. J. Holt is as follows : "After *ernest* given, the vendor can not sell to another ; but if vendee does not come to pay and take the goods, vendor ought to come and request him to come and pay, and if he does not come in convenient time, the agreement is dissolved and he may sell." *Langford* v. *Administratrix of Tyler*, 6 Mod. 162.

In the same case it is said that, "If bargain be made without an express agreement that payment is to be made at a

certain time, the *money must be paid before the goods be removed.*"

The opinion of Ch. J. Holt, upon which *Sands* v. *Taylor* is based, does not require notice of the re-sale, but only notice to pay and remove the goods.

This authority was strictly followed in the case at bar. Notice was given to the vendee to come and take the goods.

In *Saladin* v. *Mitchell*, 45 Ill. 80, the question of notice of the re-sale was not considered, and the allusion to it is entirely incidental. But the court does hold, that the commencement of the suit was a sufficient notice -to the vendee to take and pay for the goods.

That no further notice was required than was given, and that, under the circumstances, it was the right of the party to sell for his own protection, is established by the following authorities : `Chamber. of Commerce` v. *Sollitt*, 43 Ill. 519 ; *Langford* v. *Administratrix of Tyler, supra; Acebal* v. *Levy*, 10 Bing. 376. In the last case, Ch. J. Tindall said : "There can be no doubt that the plaintiff might, *after re-selling* the goods, recover the same measure of damages in a special count, framed upon the refusal to accept and pay for the goods."

In *McLean* v. *Slum*, 4 Bing. 722, Best, Ch. J., said : "With regard to the re-sale, it is clear to me that it did not rescind the contract. It is admitted that perishable articles may be re-sold. It is difficult to say what are perishable articles and what not ; but if articles are not perishable, price is, and may alter in a few days or in a few hours. It is a practice, therefore, founded on good sense, to make a re-sale of a disputed article, and to hold the contractor responsible for the difference." See also *Pullen* v. *LeRoy*, 30 N. Y. (3 Tiff.) 549.

The rule as to the measure of damages was the correct one. It was the difference between the contract price and the market price at the time and place of delivery.

The errors assigned do not exist, and the judgment must be affirmed.

*Judgment affirmed.*