# JOHN J. BAGLEY

## *v.*

# ALEXANDER FINDLAY.

1. MEASURE OF DAMAGES—*in suit by vendor against vendee, where the latter refuses to take and pay for goods.* Where the vendee of goods sold at a specific price refuses to take and pay for them, the vendor may store them for the vendee, give him notice that he has done so, and then recover the full contract price, or he may keep the goods and recover the excess of the contract price over and above the market price of the goods at the time and place of delivery, or he may, upon notice to the vendee, proceed to sell the goods to the best advantage, and recover of the vendee the loss, if they fail to bring the contract price.

2.  AGENCY—*when it exists*—*as between vendor and purchaser.*  Where the vendor of goods which the vendee has refused to take and pay for, undertakes, upon notice to the vendee, to sell the goods, with a view to holding the vendee liable for the loss in case they fail to bring the contract price, he takes the position of agent for the vendee, and is held to the same degree of care, judgment and fidelity that is imposed by law upon an agent put in possession of goods, with instructions to sell them to the best advantage.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. WILLIAM LAW, JR., for the appellant.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action of assumpsit, by Findlay against appellant, for damages for breach of contract in refusing to receive and pay for goods sold by appellee to appellant, the delivery of which was offered. The goods in question were part of them in Chicago and part of them in Milwaukee. Soon after the refusal of appellant to accept the goods, appellee gave him notice that he would proceed to sell the goods to the best advantage, and hold appellant responsible for all losses, if any. After this, appellant was again requested to accept the goods. The goods were sold. The net proceeds of this sale fell short of the contract price to the amount of $1629.86, not including $402.62 expenses for commissions and charges. The issue was, by consent, tried without the intervention of a jury. The finding was for appellee, and his damages were assessed at $1629.86, and judgment thereon.

It is contended by appellant, that the measure of damages adopted by the court below was wrong.

When a vendee of goods, sold at a specific price, refuses to take and pay for the goods, the vendor may store the goods for the vendee, give him notice that he has done so, and then recover the full contract price, or he may keep the goods and recover the excess of the contract price over and above the market price of the goods at the time and place of delivery,

and this means the market price of such goods in such condition and in such quantity as the goods were at the time for delivery. In such case, if goods are bought in large quantities, the market price at retail is not the standard, but the market price in large quantities; or the vendor may, giving notice to the vendee, proceed to sell the goods, in their then condition and quantity, to the best advantage, and recover of the vendee the loss, if the goods fail to bring the amount of the contract price. The appellee adopted the latter course, and the only question of fact presented is, were the goods sold to the best advantage.

In such case, the vendor takes the position of agent for the vendee, and is held to the same degree of care, judgment and fidelity that is imposed by the law upon an agent put in the custody of such goods in such condition, with instructions to sell them to the best advantage.

Without reviewing the evidence in this case, it is sufficient for us to say that the evidence fully sustains the finding of the court—that the goods were fairly sold, with reasonable diligence, judgment and care.

Appellant insists that the sale must, in such case, be in the market where the goods are, and objects that the goods stored in Milwaukee were sold in Chicago. The purchaser was found in Chicago, but he bought the goods in their then condition in store in Milwaukee, and if these goods were taken to Chicago at all, it was after the sale.

The appellant has no just cause of complaint against the finding of the court. Upon the evidence shown in the record, the court below might, without impropriety, have included in the assessment of damages the $402 expenses incurred by the appellee for commissions and charges incurred in making the sale.

The judgment of the court below is affirmed.

*Judgment affirmed.*