James Maulding, Sheriff,

*v.*

Thompson B. Steele.

*Filed at Mt. Vernon March 30, 1883.*

Purchaser *at sheriff's sale—liability for loss on a resale—notice.* To hold a purchaser of real estate at sheriff's sale on execution liable for not completing the sale, and for the loss on a resale, he must have notice that a resale will be made and he held liable for any loss, so that he may protect his interest at the second sale as best he may. The rule is different in the case of a resale of personal property.

WRIT OF ERROR to the Circuit Court of Hamilton county; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. JAMES MCCARTNEY, Attorney General, and Mr. JOHN C. EDWARDS, for the plaintiff in error:

A sheriff, in making a sale of land under execution, has no power to guaranty or warrant the title, and the maxim of *caveat emptor* applies if no misrepresentations are made to induce one to bid. *Lampkin* v. *Crawford*, 8 Ala. 154; *Morris et al.* v. *Robey*, 73 Ill. 462; *Rogers* v. *Smith*, 2 Carter, 526.

A purchaser at such sale purchases with notice of all defects in the title. *Richardson et al.* v. *Wicker et al.* 74 N. C. 878; *Boggs* v. *Hargrave*, 16 Cal. 564; *Smith* v. *Painter*, 2 S. & R. 225; *Weidler* v. *Farmers' Bank*, 11 id. 134; *Dean* v. *Morris*, 4 Green, (Iowa,) 312; *Cameron* v. *Clark*, 8 Iowa, 434; *England* v. *Clark*, 4 Scam. 486; *Owings* v. *Thompson et al.* 3 id. 502.

No notice to the purchaser of the resale was necessary. As bearing on the point, see *Ullman* v. *Kent et al.* 60 Ill. 271; *Matthews* v. *Clifton*, 13 Miss. 330; *Gaskell* v. *Morris*, 7 Watts & Serg. 32; *Gray* v. *Case*, 51 Mo. 463.

As to the general liability of a purchaser at a sheriff's sale for the amount of his bid, or the loss upon resale, see *Adams* v. *McMillan, Exr.* 7 Porter, 88; *Sexton* v. *Slade*, 6 Ala. 204.

The measure of damages is the difference between the purchase price and what the property brought on resale. 2 Addison on Contracts, p. 61, sec. 528; 2 Parsons on Contracts, 677; *Saladin* v. *Mitchell*, 45 Ill. 79; *Ullman* v. *Kent et al.* 60 id. 271; *Sanborn* v. *Benedict*, 78 id. 309; *Railroad Co.* v. *Evans*, 6 Gray, 25; *Allen* v. *Plummer*, 4 Greenlf. 258; *Franchot* v. *Leach*, 5 Cow. 506; *Mowry* v. *Adams*, 14 Mass. 327.

Among the numerous cases holding the purchaser at a sheriff's sale liable for the amount of his bid, or the differ-

ence between his bid and the amount which the property brought upon a resale, the court is referred to the following cases: *Harvey* v. *Fish*, 9 Cal. 93; *Wright's Appeal*, 25 Pa. St. 373; *Spang* v. *Schneider*, 10 id. 193; *Lampkin* v. *Crawford*, 8 Ala. 153; *McKee* v. *Lineberger*, 69 N. C. 217; *Townshend* v. *Simon*, 38 N. J. L. 239; *Hand & Huddleson* v. *Grant*, 5 S. & M. 508.

Mr. William Hamill, and Mr. Thomas M. Eckley, for the defendant in error:

Plaintiff in error contends that no court has ever held that the purchaser should be notified that a resale would be made at his risk and expense, in the absence of such a statutory provision. We understand the rule to be exactly the reverse. In Illinois, North Carolina and Ohio there is no statute on the subject. In these States the courts have held that such notice was necessary to hold the bidder liable in chancery sales, and in the two last States that such notice is necessary on execution sales. *In the matter of Yates*, 6 Jones' Eq. 212; *Harding* v. *Yarbrough*, id. 214; *Hill* v. *Hill*, 58 Ill. 239; *Grier* v. *Youtz*, 5 Jones' Law, 371; *Galpin* v. *Lamb*, 29 Ohio, 529.

In the sale of personal goods, where the buyer refuses to take the goods, the seller may, on notice, resell the goods, and hold the buyer for the difference. *Saladin* v. *Mitchell*, 45 Ill. 79.

The law is well settled that a purchaser at a sheriff's sale of land to which the defendant had no title, may recover back the amount of his bid from any one who has it, except the plaintiff in the execution. *Hawkins* v. *Miller*, 26 Ind. 172; *Mur* v. *Craig*, 3 Blackf. (Ind.) 293; *Dunn* v. *Frazer*, 8 id. 432; *Preston* v. *Harris*, 9 Ind. 1; *Pennington* v. *Clifton*, 10 id. 172; *Howard* v. *North*, 5 Texas, 316; *McGhee* v. *Ellis*, 4 Littell, (Ky.) 244; *Walford* v. *Phelps*, 2 J. J. Marsh. (Ky.) 35; *Bartlett* v. *Landon*, 7 id. 641; *England* v. *Clark*, 4 Scam. 486.

The bidder has a right to beware,—to avail himself of the doctrine of *caveat emptor* at any time before he pays his money. *Walford* v. *Phelps,* 2 J. J. Marsh. (Ky.) 35; *Bartlett* v. *Landon,* 7 id. 641.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought in the Hamilton circuit court, for the recovery of damages claimed to have been sustained by plaintiff in error, as sheriff of that county, by reason of defendant in error having become the purchaser of a tract of land at sheriff's sale, and refusing to pay for it. The declaration contains averments that an execution came to the hands of the sheriff, against James M. Blades, and others, issued on a judgment recovered against him as collector of taxes; that it was levied on a tract of land, and when offered for sale by the sheriff it was bid off by defendant in error, at the price of $1200; that on a certificate of purchase being tendered to him, he refused to pay the purchase money and complete the purchase. The land was again advertised, and sold under a writ of *venditioni exponas,* for the sum of $40. This action is for the recovery of $1160, —the difference between the price bid by defendant in error and the sum for which the land was resold under the writ of *venditioni exponas.* Defendant interposed a demurrer to the declaration, which was sustained by the court, and a judgment rendered for costs against plaintiff, and he prosecutes a writ of error to this court.

This court held, in the case of *Ullmann* v. *Kent,* 60 Ill. 271, that on the sale of chattels, and the purchaser refused to receive and pay for them, the vendor might resell the goods and recover the difference in the price, if there was a loss on resale, without notice to the purchaser that a resale would be made,—and this decision was made on a review of the authorities, American and English, the weight of which establishes that doctrine. But in the case of *Hill* v. *Hill,* 58 Ill.

239, where lands were sold under a decree by a master in chancery, and the bidder refused to pay his bid and receive a deed, and the master reported the fact to the court, and the court ordered a resale of the property, and the master did resell at a loss, and the purchaser was sued for the difference between the bid at the first sale and the sum realized at the subsequent sale, it was held that a recovery could not be had in such a case unless the bidder at the first sale had notice that a resale would be made and he held liable for any loss of price that should be sustained on a resale, thus establishing a distinction between sales of personal and real estate. The distinction and the reason for it seem to grow out of the different kinds of property. A chattel is more liable to perish, and the price is more fluctuating, and it is a subject of commerce to a greater extent than realty. It passes from hand to hand more frequently, and upon its sale in market depends a large portion of the commerce of the world, and necessity forbids that it should be held from sale by the delay of finding the delinquent purchaser, and notifying him that a resale will be made. On the other hand, real estate is not an article of general commerce, is not perishable, and is not so liable to depreciate in price. There is, then, less necessity for a speedy resale, and hence the requirement that such a delinquent purchaser should have notice, that he may protect his interest as best he may. This latter case is the same in principle as this. They were both forced sales under process, and by legal authority. Nor can it, in principle or reason, matter whether the sale be made by the master, as the agency used by the court, or the sheriff, as the agent of the law, to make the sale and enforce the payment of money due from the defendant to the plaintiff. The case of *Hill* v. *Hill, supra,* must therefore be held decisive of this case.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*