WILLIAM WRIGLEY, Jr. *et al.*

*v.*

GEORGE M. CORNELIUS *et al.*

*Filed at Ottawa June 13, 1896.*

1. APPEALS AND ERRORS—*failure to except waives error in admitting evidence.* Objections to evidence not excepted to at the time it was offered are waived.

2. EVIDENCE—*act of one party in furtherance of contract—when competent.* One suing for the price of ten thousand pictures, who is met with the defense that only five thousand were ordered, may prove, as bearing upon the contract, that as soon as the order for pictures was received he contracted for ten thousand frames for such pictures, to be delivered to the purchaser.

3. INSTRUCTIONS—*duplicate instructions need not be given.* An instruction, though accurate, is properly refused where others given contain as full a statement of the law as the case requires.

4. SALES—*refusal of purchaser to take the property—notice of re-sale.* A purchaser of goods who refuses to receive them, denying the purchase and telling the seller he does not care what is done with them, is not entitled to notice of a re-sale of the goods, made with a view to holding such purchaser for the difference in price.

*Wrigley* v. *Cornelius,* 61 Ill. App. 279, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding.

DOOLITTLE, TOLMAN & POLLASKY, (EDGAR BRONSON TOLMAN, of counsel,) for appellants:

In a suit brought upon the breach of a contract of sale of personal property, when suit is brought to recover the difference between the contract price and the price which the goods brought upon a re-sale, the seller must give notice to the buyer of his intention to make such re-sale, unless the property is perishable or subject to depreciation in value or price. *Bagley* v. *Findlay,* 82 Ill. 524; *Trunkey* v. *Hedstrom,* 131 id. 209; *Roebling's Sons' Co.* v. *Fence Co.* 130 id. 670; *Saladin* v. *Mitchell,* 45 id. 85; *Newberger*

v. *Rountree*, 18 Ill. App. 612; *Norton* v. *Hummell*, 22 id. 196; *Kendall* v. *Young*, 40 id. 394; *Aultman* v. *Henderson*, 32 id. 336; *Ullmann* v. *Kent*, 60 Ill. 271; *Maulding* v. *Steele*, 105 id. 647; *Plumb* v. *Campbell*, 129 id. 110; *Dustan* v. *McAndrew*, 44 N. Y. 72; *Hayden* v. *Demets*, 53 id. 426; *Mallory* v. *Lord*, 29 Barb. 454; *Lewis* v. *Greider*, 49 id. 606; *McEachron* v. *Randles*, 34 id. 301; *Crooks* v. *Moore*, 1 Sandf. 297; *Granberry* v. *Frierson*, 2 Baxt. 326; *Pollen* v. *Leroy*, 30 N. Y. 555; *Bogart* v. *O'Regan*, 1 E. D. Smith, 590; *McClure* v. *Williams*, 5 Sneed, 718; *Waples* v. *Overaker*, 77 Tex. 7; *Pickering* v. *Bardwell*, 21 Wis. 562; *Redmond* v. *Smock*, 28 Ind. 370; Story on Sales, (2d ed.) 436; *Chapman* v. *Ingram*, 30 Wis. 290; Am. & Eng. Ency. of Law, 597, note 1; 2 Kent's Com. 504; Benjamin on Sales, sec. 788, note *e;* 2 Parsons on Contracts, 484; Tiedeman on Sales, sec. 334; 2 Schouler on Pers. Prop. sec. 551.

LOUIS BOISOT, Jr., for appellees:

Our Supreme Court has never reversed a case for the reason that the vendor-plaintiff had not given notice of the re-sale.  On the contrary, where that point has fairly come before it our Supreme Court has repeatedly held that notice is not necessary.  *Ullmann* v. *Kent*, 60 Ill. 271; *Maulding* v. *Steele*, 105 id. 647; *Plumb* v. *Campbell*, 129 id. 110.

In New York also it is held that it is not essential, though it is proper, to give the vendee notice of re-sale. *Mann* v. *National L. O. Co.* 87 Hun, 558; *Pollen* v. *Leroy*, 30 N. Y. 549; *VanBrocklen* v. *Smeallie*, 140 id. 70.  To the same effect are *West* v. *Cunningham*, 9 Port. (Ala.) 104, and *Hickok* v. *Hoyt*, 33 Conn. 553.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of assumpsit, brought by appellees in the county court of Cook county, against appellants, to recover a certain sum of money alleged to be due on account of the failure of appellants to accept and pay for 2426 World's Fair pictures which appellees had sold appellants in the spring of 1893, at a certain stipulated price.  On a trial of the cause in the county court the

plaintiffs recovered the amount claimed to be due, and appellants appealed to the Appellate Court, where the judgment was affirmed.

It is claimed by appellees they sold 10,000 World's Fair pictures to appellants, at fifteen cents each, on the 10th day of April, 1893. Of these, 7574 were delivered and paid for, but the balance, 2426, appellants refused to accept. Upon appellants' refusal appellees sold the pictures at five and one-half cents each,—the best price they could obtain,—and brought this action to recover the difference between the contract price and the amount received. On the other hand, the appellants claim that they only ordered 5000 pictures but finally received 7574, and deny the making of a contract for 10,000.

On the trial before the jury Edward H. Cornelius, one of the appellees, testified that appellants, on April 10, 1893, ordered 10,000 pictures, to be delivered as soon as the frame-maker could get them out, at fifteen cents each. On the other hand, William Wrigley, one of the appellants, testified that he refused to give an order for any number above 5000, and finally agreed to take 5000 and as many more as he could use; that when 7574 had been delivered he notified appellees to deliver no more. No witnesses were present when the contract was made.

It is claimed that the court erred in the admission of evidence that appellees, upon receiving appellants' order, made a contract for 10,000 picture frames, to be delivered to appellants. The record fails to show that any exception was made to the admission of the evidence, and if not excepted to at the time it was offered all objection to the evidence was waived. But if the exception had been made we do not regard the objection to the evidence well taken. Appellees claimed that they had sold 10,000 pictures, to be framed and delivered. The fact that as soon as the order for pictures was received they made a contract for 10,000 frames to be made and delivered to appellants was a fact proper for the consideration of the jury,

in connection with the other evidence, in determining what the contract was between the parties.

The next point relied upon is, that the court refused two of appellants' instructions (3 and 4) on the burden of proof. The second instruction given by the court for appellants was as follows:

"The court instructs the jury, as a matter of law, that the burden of proof is upon the plaintiff, and it is for him to prove his case by a preponderance of the evidence. If you find that the evidence bearing upon the plaintiff's case is evenly balanced, or that it preponderates in favor of the defendant, then the plaintiff cannot recover, and you should find for the defendant."

Without stopping to determine whether the two refused instructions contained an accurate statement of the law as applied to the facts of this case or not, it is sufficient to say that the instruction given on the same subject contains as full and complete a statement of the law as was required, and no necessity existed for any other or further instructions on that subject. This court has often decided that the court is not required to give duplicate instructions, or two or more instructions which announce the same principle, although in different form.

At the request of appellees the court gave to the jury the following instruction:

"If you believe, from the evidence, that defendants agreed to receive and pay for 10,000 pictures, and that before all of said pictures had been delivered defendants refused to receive the residue of said pictures, and told plaintiffs that they might do what they pleased with the residue of said pictures, then plaintiffs might re-sell the residue of said pictures without giving defendants any notice of the sale."

The court refused the following, asked by appellants:

"If the jury believe, from the evidence, that even if the defendants ordered the pictures in question and then refused to receive and pay for the same, and that the

plaintiffs afterward sold the said pictures to other parties, then the jury are instructed that the plaintiffs can not recover the difference between the price which the defendants contracted to pay and which the pictures actually sold for, unless the plaintiffs gave notice to the defendants that they would sell said pictures."

In view of the evidence in the record we do not think the court erred in giving and refusing the instructions. Appellants wrote appellees, "Do not send us any World's Fair pictures until you hear from us." Edward Cornelius, one of the appellees, testified: "I saw Mr. Wrigley after receiving this letter, and had a conversation with him about refusing the order. I asked him what the trouble was with the rest. He said that he did not want any more. I asked him what we should do with the rest of them, and he said he did not care what I did with them; they were not his pictures; he never ordered them; that his order was just an open order to take all he could use, and we might do what we chose with the rest of them."

The law is well settled that where the vendee refuses to receive goods purchased, the vendor may re-sell the goods and sue for the difference between the contract price and the amount received upon a re-sale. There may be, and doubtless are, cases where the vendor would be required to give the vendee notice before making a sale. But the conduct of the vendee may be such that notice will be waived. Where, as was the case here, there is an absolute refusal on behalf of the vendee to receive the goods, and the vendor is notified to do what he may choose with them, no notice of a re-sale will be required. The law never requires any person to do a useless act, and why should notice be given by the vendor when he has been told by the vendee to dispose of the goods in any manner he may choose?

In *Ullmann* v. *Kent*, 60 Ill. 271, in the discussion of the question of notice, the court said (p. 274): "If a sale is desired and is the best, upon the failure of the vendee to

comply, and notice to him is the positive requirement of the law, what shall the seller do if the buyer abscond or is temporarily absent or his locality is unknown? The instances would be numerous in which a notice would be impracticable and could not be given. * * * There is no necessity for the rule. It would greatly embarrass trade; would subserve no good purpose; would impose always an unnecessary and sometimes an impossible duty upon the seller, and would afford no protection to the buyer. The safest, wisest, and most honest rule is, that parties should be left to the consequences flowing from their contracts. It is both reasonable and right that a party guilty of a breach of contract should pay damages therefor, if any have accrued."

In *Maulding* v. *Steele*, 105 Ill. 644, the court, in approving the doctrine announced, said (p. 647): "This court held in the case of *Ullmann* v. *Kent*, 60 Ill. 271, that on the sale of chattels, and the purchaser refused to receive and pay for them, the vendor might re-sell the goods and recover the difference in the price, if there was a loss on re-sale, without notice to the purchaser that a re-sale would be made,—and this decision was made on a review of the authorities, American and English, the weight of which establishes that doctrine."

In *Plumb* v. *Campbell*, 129 Ill. 101, the Supreme Court said (p. 110): "We think, however, that the Appellate Court decided correctly in holding that on appellant's theory of the case, under the facts, no notice of appellee's intention to sell was required. (*Ullmann* v. *Kent*, 60 Ill. 271.) The proof tends to show, and we must presume that the fact is established, that after the expiration of twenty days from the delivery of the bonds to appellant he was requested by appellee to comply with the terms of the contract and that he declined to do so. No further notice to him was necessary. Appellee might then legally sell, and hold appellant liable for the loss sustained." See, also, *Morris* v. *Wibaux*, 159 Ill. 627.

In New York the courts hold that while notice of re-sale may be properly given it is not essential. *Van Brocklen* v. *Smeallie*, 140 N. Y. 70; *Pollen* v. *Leroy*, 30 id. 549.

We find no substantial error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*