THE CITY OF CHICAGO

*v.*

WILLIAM J. ENGLISH.

*Opinion filed October 25, 1902.*

1. TRIAL—*court may impose terms upon setting aside default.* The court, when exercising its discretion to set aside a default, may impose terms; and it is not an unreasonable condition to require the defendant to file its pleadings instanter.

2. APPEALS AND ERRORS—*party cannot object to evidence for first time on appeal.* One failing to object and except in apt time cannot insist in the Appellate Court for the first time that there was error in the admission of evidence.

3. EVIDENCE—*material allegations of fact are admitted by default.* In an action for breach of covenant contained in a lease, if the defendant is defaulted every material and traversable fact alleged in the declaration is admitted by the default, and all that the court is required to do is to make an assessment of damages.

4. SAME—*when the evidence need not show for what years rent accrued.* In an action against a city for breach of covenant contained in a lease, if the evidence shows that there was due up to a certain time the amount for which the verdict was given, it is not necessary to prove for what years the rent accrued.

*City of Chicago* v. *English*, 97 Ill. App. 594, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

This was an action for breach of covenant. The declaration sets out that a certain lease was executed by and between the city of Chicago, appellant, and William J. English, appellee, on the 4th day of June, 1892, by which said English leased to the city of Chicago a portion of the second floor of a certain building owned by him in the said city, to be used as an office for the waterworks of said city, at a rental of $1000 per annum. It was provided that the term of said lease should commence on the 15th day of July, 1892, and continue for one year, with the privilege to the city to extend the same

on the same terms, and it was provided that said lease should be so extended from year to year, unless the city should notify said English in writing, by April 1, 1893, that the lease would not be so extended; and further, that the said lease should be similarly extended from year to year unless notice to the contrary should be similarly given from year to year, as in the lease provided, —that is, on or before April 1 of each succeeding year. The declaration also alleges that no notice was ever served or given to the said English, as provided for in the lease, for terminating the same, and that on, to-wit, the first day of April, 1900, the sum of $2583.33 was due and unpaid to said English under the terms of said lease, to the damage of said plaintiff, etc. A copy of the lease was attached to the declaration.

The city had prepared a demurrer to the declaration in said cause, which by inadvertence was filed in the circuit court. The result was, that the plaintiff took a default in the superior court against the city. The city then, June 9, moved the superior court to set aside the default and for leave to plead. The plaintiff opposed the setting aside of the default and the following took place:

Judge Shope: "Rule 7 of the common law rules of the superior court of Cook county provides that on setting aside default the pleadings which the defendant neglected to file shall be filed instanter. I therefore ask that the demurrer mentioned in the affidavit of plaintiff as the one they prepared and neglected to file shall be filed instanter, in accordance with the rule.

Counsel for city: "We drew up the demurrer in good faith, not intending to have it filed for delay; but I should ask your honor to allow me a little more time to consult with Mr. Sutherland, who has particular charge of the case, so as to decide whether to rely on the demurrer or shall file our pleas, as indicated for defense in our affidavits.

Judge Shope: "I offer rule 7 in evidence."

The following is said rule 7 of common law rules of the superior court of Cook county: "When either party neglects to file the proper pleading within the time fixed by law or the rule of the court, such party shall be considered in default and may be proceeded against accordingly. Defaults will not be set aside except upon affidavit of the party, agent or attorney filed, setting forth that there is meritorious cause of action or defense, and the nature of it, in which case the default may be set aside on such terms as the court may deem just, and the pleading, for the want of which such default existed, shall be filed forthwith, unless the court shall otherwise direct."

The superior court set aside the default on the 9th day of June, 1900, and ruled the defendant city "to plead or demur on or before ten o'clock on the morning of June 12, 1900," and in so doing said:

Judge Kavanagh: "Mr. English should not be delayed in a speedy trial on account of the admitted negligence of the city in filing their pleadings in this cause. If I should set aside the judgment obtained by negligence of the city to file pleas in this case, and in setting aside the judgment I shall require the city to file their pleadings at once upon which they rely upon the trial of this case, so that the case may be tried Tuesday next."

The city thereupon filed a demurrer to the declaration. The plaintiff immediately gave notice that he would move the superior court for a disposition of the demurrer on Wednesday morning, June 13, 1900. Wednesday morning counsel for the city appeared and opposed the hearing of the demurrer at that time, and contended that the argument of the demurrer could only be taken up and heard on a Saturday morning, and submitted to the court rules 14 and 15 of the superior court, said rules being as follows:

"Rule 14. Motions of course are heard on the opening of court and before the call of the docket by the judge on whose trial calendar the cause has been placed or to

whom the said cause has been duly assigned.   All such motions shall be placed upon a motion calendar, and will be called and disposed of in their order upon such calendar.   All motions not of course shall be made in writing, and when founded on matters of fact not otherwise appearing by the pleadings or other proceedings in the cause, such facts must be presented by affidavits which shall be filed with the motion and a copy thereof served with the notice of the motion.   Counter-affidavits may ordinarily be filed in opposition to such motion, but counter or supplementary affidavits will not be allowed on applications for continuances, or in applications for security for costs, or for sureties on appeal bonds to justify or to set aside defaults.

"Rule 15.   Motions not of course, or contested motions, will be heard on each Saturday of the term, after disposition of motions for new trial on that day, one day's notice in writing having been previously given.   The clerk will from time to time prepare a calendar of contested motions, upon which such motions will be placed in the order in which notice thereof is given to him.   A peremptory call of such motions will be made when ordered by the court, of which three days' notice will be given in the *Law Bulletin.*"

Wednesday, the 13th, at ten o'clock A. M., the plaintiff appeared before the court by his counsel, and the defendant, by its counsel, also appeared in pursuance of said notice, and the plaintiff, by his counsel, then and there moved the court to take up for argument and disposition the demurrer of the defendant filed on Monday, the 11th day of June, 1900, and thereupon the following proceedings were had on said motion:

Mr. Sutherland: "Your honor, I object to arguing the demurrer filed in this cause to-day, and insist that it shall be postponed to come up on the contested calendar. This is a contested motion, and your honor has no business to hear this case to-day.   The rules of this court

require you to put this motion over until the next contested motion calendar, and I insist that it go over.

The court: "But, Mr. Sutherland, not being present, you perhaps do not understand the circumstances and conditions under which default was set aside in this case.

Mr. Sutherland: "I understand that there can be no conditions. This case follows the general rule on setting aside defaults, and your honor has lost all control of the disposal of this case, except as applies in any case where default is set aside according to the rules of this court.

The court: "Please proceed to argue your demurrer.

Mr. Sutherland: "I decline to argue the demurrer at present, and insist on this being placed on the contested motion calendar. Your honor has no more right to override the rules of this court and require me to argue this demurrer at the present time than you have to take one of the men in this court room and send him to jail, and I insist that you shall respect my rights and the rights of the city.

The court: "Demurrer overruled. (To which ruling and decision of the court the defendant, by its counsel, then and there duly excepted.)

Mr. Sutherland: "Now I ask time to file pleas in this case.

The court: "Motion for time to file pleas overruled. (To which ruling and decision of the court the defendant, by its counsel, then and there duly excepted.)

Mr. Sutherland: "Then, your honor, I wish thirty days in which to file bill of exceptions in the Supreme Court.

The court: "Motion for time to file bill of exceptions allowed.

Judge Shope: "Now, your honor, I ask this case to be set down for trial at an early date.

The court: "It will be set down for the 18th day of June, A. D. 1900.

Mr. Sutherland: "I ask for a jury on trial of this case.

The judge: "That is your right and privilege."

This case was called for trial in the superior court before Judge Marcus Kavanagh and a jury on the 18th day of June, 1900. The defendant was not present nor represented. The plaintiff testified as follows: "I saw the said lease signed by the officials of the city of Chicago that have signed it, including Hempstead Washburne, then mayor of said city, and saw the city clerk affix the seal, which is the official seal of the city of Chicago, thereto. I turned over the possession of the premises described in the lease to the city of Chicago, and it moved in and took possession under said lease, and used and occupied the same for a water office for the collection of water rents under the water system of Chicago, as by law provided. The city of Chicago paid me installments of rent for said premises out of the water fund of said city. The city of Chicago has never served on me any notice of termination of the lease, as was provided in the said lease, and the city of Chicago owes me for rent of said premises the sum of $2583.33, as due up to April 1, 1900."

There was a verdict and judgment for the plaintiff for $2583.33. This judgment has been affirmed by the Appellate Court.

CHARLES M. WALKER, Corporation Counsel, THOMAS J. SUTHERLAND, and WILLIAM H. SEXTON, for appellant.

WILLLIAM S. HEFFERAN, (SHOPE, MATHIS, ZANE & WEBER, of counsel,) for appellee.

Per CURIAM: In deciding this case the Appellate Court delivered the following opinion:

"Rule 15 does not declare that contested motions shall not be heard on any day save Saturday, or that no contested motion will be heard unless placed upon a calendar of contested motions by the clerk, for which three days' notice has been given. Without regard, however,

to this, and without expressing an opinion as to whether a contested motion can be heard upon any day save Saturday, it is well settled that the court, when exercising its discretion to set aside a default and allow a party to plead, may impose terms. In the present case the court did impose reasonable terms as a condition of setting aside the default, namely, that the city should file its pleadings at once, so that the case might be tried upon the following Tuesday. The city did not except to the action of the court in this regard, but, acting under it, filed a general demurrer. Thereupon the plaintiff gave notice that it would call up the demurrer for argument and disposition upon the following Monday. Upon that day appellant appeared and objected to the demurrer then being heard. The court endeavored to explain the circumstances and conditions under which the default had been set aside, to which the defendant replied that there could be no conditions and declined to argue the demurrer, insisting it had a right to have the same placed on the contested motion calendar, whereupon the court overruled the demurrer and set the cause down for trial on the 18th day of June. To this setting of the cause for trial appellant did not except, but replied, 'I ask for a jury on the trial of this case,' to which the court replied, 'That is your right and privilege.' One week thereafter, namely, on the 18th day of June, the case was called for trial. The defendant did not appear, whereupon such proceedings were had that the judgment appealed from was entered in favor of appellee. The court, in overruling the demurrer and setting the cause for trial, acted entirely within its powers.

"Appellant urges that the evidence did not warrant a verdict, appellee, among other things, having testified that the city of Chicago owed him for rent of the premises described in the lease, $2583.33. This statement, appellant urges, was inadmissible and is an usurpation of the functions of the jury. This may be, but appellant

neither objected to the giving of such evidence nor excepted to its admission.   A party failing to object and except in apt time cannot for the first time in the Appellate Court insist that there was error in the admission of evidence.   *Wrigley* v. *Cornelius*, 162 Ill. 92; *St. Louis, Alton and Terre Haute Railroad Co.* v. *Eggmann*, 161 id. 155; *Kankakee and Illinois River Railroad Co.* v. *Chester*, 62 id. 235; *Mitchell* v. *King*, 187 id. 452.

"The testimony, however, was unnecessary.   The lease having been introduced in evidence, examination of it showed that upon its face, up to the time of the bringing of the suit, a much larger sum than that testified to by appellee was due thereon, and a verdict might have been rendered and judgment entered upon the lease alone, with proof of its execution.   The defendant being in default, every material and traversable fact alleged in the declaration was admitted by the default, and all that was required of the court was to make an assessment of damages.   *Massachusetts Mutual Life Ins. Co.* v. *Kellogg*, 82 Ill. 614; *Simmons* v. *Jenkins*, 76 id. 479; *Dana* v. *Bryant*, 1 Gilm. 104; *Miller* v. *Kingsbury*, 128 Ill. 45; *Cerveny* v. *Chicago Daily News*, 139 id. 345.

"It was not necessary that the evidence should show for what years the rent testified to accrued.   The evidence showed that there was due up to a certain time the amount for which a verdict was rendered.   Under the declaration and default it was not necessary that the evidence should show that an appropriation had been made for the payment of such rent for any portion of the period covered by the lease.

"There being no error in the record warranting a reversal of the judgment below, it is affirmed."

We concur in the foregoing views expressed by the Appellate Court, and in the conclusion announced by that court.   Accordingly, the judgment of the Appellate Court is affirmed.                                  *Judgment affirmed.*